## SUPREME COURT.

### ERICKSON agt. COMPTON.

A principal may, under sections 111 and 113 of the Code, sue in his own name upon a simple contract in writing made with his agent, and in the agent's name, of which the principal is the sole owner.

(*The rule was otherwise in this state before the Code.*)

*Cayuga General Term, June* 1852. *Before Justices* SELDEN, JOHNSON and T. R. STRONG. This was an action upon a contract, a copy of which is hereinafter given. The plaintiff alleged in his complaint that he, by James H. Hotchkin jr., his agent, entered into a contract with the defendant, setting forth the substance of it in like manner as if it had been made with himself in person, and assigning several breaches. The defendant in his answer denied that he made a contract with the plaintiff in person, or by his agent, but stated that he made a contract with James H. Hotchkin jr., of which duplicates were made; one of which, signed by Hotchkin, was delivered to the defendant; and the other, signed by the defendant, was delivered to Hotchkin, and that Hotchkin at the time delivered to the defendant his check on the Steuben County Bank for the $500 mentioned in the contract. A copy of the contract retained by the defendant was set out in the answer as follows:

"Rec'd of James H. Hotchkin jr. his check for $500, on Steuben County Bank, payable on Monday next, to be applied on the last invoice of the following contract, viz: I agree to sell him all the pulled wool I now have on hand here and in New York, that is unsold, and what is on the skins I have now bought up to this time; also to include all the green skins which may come in or be taken off by me up to the first day of June next, except qualities below No. 2, and to get up the wool in dry order, and in order, as to condition and quality, equal to what I now have on hand here, and making the wool now in the hands of B. Marshman, 39 Spruce street, New York, the sample of its condition, all to be taken off by the first day of June next, and to keep pulling on this contract until all is pulled; and the amount, not exceeding 60,000 lbs., and deliver the same to J. Fowler's

landing on Seneca Lake at 26½ cents per lb.; said Hotchkin to furnish the sacks and pay for the wool on each invoice, to average every fifteen days, at my counting room, Tyrone; the sacks to be their actual tare; sacks to be good and delivered in time, else Compton to furnish them at 5s. each.

Tyrone, 30th January 1849.          J. H. HOTCHKIN JR."

The defendant alleged that he made the contract with Hotchkin as principal and not as agent; that it was made for the benefit of Hotchkin, and that the plaintiff had no interest in the same. He also answered as to the breaches assigned.

The plaintiff replied that the contract set forth in the complaint, and also set forth and referred to in the answer, was made with the defendant by Hotchkin as the agent of and for the plaintiff, of which the defendant then had notice; that the money advanced by Hotchkin was the money of the plaintiff; and that the plaintiff was the sole and only party interested in the contract as purchaser. Issue was taken upon other matters in the answer.

The cause was brought to trial at a Circuit Court in Steuben county in November 1850, when the duplicate contract, signed by the defendant, was produced and proved by Hotchkin, and read in evidence.

The plaintiff's counsel then proposed to the witness, "In what capacity were you acting at the time of the execution of the contract?" This question was objected to by the defendant's counsel and the objection was sustained by the court and the question excluded. To this decision the counsel for the plaintiff excepted.

The plaintiff's counsel then offered to prove that at the time the contract was made the witness was acting as the agent of the plaintiff; that the witness had no interest in the contract, or the subject matter of it; but that it belonged solely and exclusively to the plaintiff who had furnished the five hundred dollars advanced at the time of the execution of the contract; and that the defendant before and at the time the contract was executed knew these facts. The defendant's counsel objected to this evidence and the court decided that the testimony was inadmissible and excluded it. To this decision the counsel for the plaintiff excepted.

The plaintiff having no further evidence to offer, the court directed a non suit.

Judgment having been entered against the plaintiff, he appealed to the general term.

O. H. PALMER, *for Plaintiff.*

D. G. SUNDERLIN, *for Defendant.*

By the Court, T. R. STRONG, Justice.—It appears to be a well established rule in England that a principal whose agent has entered into a simple contract in writing in the business of the agency in the agent's name, whether the agency was or was not disclosed at the time, may prove by parol the fact of such agency and maintain an action on the contract in his own name. Such proof it is there held does not contradict the contract; " it merely lets in a third party who was really interested." The cases in support of this doctrine are collected in *Story on Agency*, § 160, 163, 269, 270, and notes (see also Humble vs. Hunter, 12 *Adolphus & Ellis*, 310; Schmalz vs. Avery, 3 *Eng. Law and Eq. Rep.* 391, 395). Indeed the English rule goes further and holds the principal bound by and liable upon such a contract in like manner as if he had signed it (*same cases*). I am inclined to think, however, that the common law rule on the subject in this state is the other way; it certainly is as respects the liability of the principal on the contract (Newcomb vs. Clark, 1 *Denio*, 226, 229; Harp vs. Osgood, 2 *Hill*, 216, 219; Minard vs. Mead, 7 *Wend.* 68; Pentz vs. Stanton, 10 *Wend.* 271; Spencer vs. Field, *id.* 87; Allen vs. Coit, 6 *Hill*, 318; Evans vs. Wells, 22 *Wend.* 324; Townsend vs. Hubbard, 4 *Hill*, 351; Moss vs. Livingston, 4 *Comst.* 208). Hence, if the question in the present case as to the admissibility of the evidence offered at the circuit was to be decided upon common law principles, I should feel bound by the authorities to sustain the decision excluding it.

But I am satisfied that, under the provisions of the Code, the evidence offered in this case was admissible; and that assuming to be true, what was proposed to be proved, the action was well brought in the name of the plaintiff. Section 111, of the Code, provides that " every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section

113, &c. By section 113, "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another." It was not necessary for the plaintiff, as it would have been before the Code to show that the contract was made with him, to entitle him to sue upon it, but it would have been sufficient to prove that he was the sole owner of the contract by its having been made for his benefit. The difficulty in such a case at common law was well stated by JEWITT, Justice, Newell vs. Clark, before cited. That was an action by the principal on a written guaranty made to his agent. He says: "The rule in regard to parties to actions seems to be, that every action on an express contract must be brought in the name of the person to whom the engagement violated was originally made, unless it is transferable as a negotiable note, &c. In the present case the promise or agreement is expressly made with Peters; Clark's name does not appear in the writing. It was not competent to contradict or amend the agreement, by parol proof, by substituting Clark's name as the promisee in place of Peters." According to this doctrine an action would not lie in the name of the principal, unless he was an original party to the agreement. The English cases hold that he might be proved to have been such by parol, but the cases in this state appear to decide that the contract could not be thus amended by adding a party. The Code, by the sections named, has abolished the common law rule in regard to parties, in such a case, so far as it was imperative, and conferred upon the exclusive owner of the demand the right to sue in his own name or in the name of the agent, at his election. That rule being abolished the plaintiff was not required, in order to maintain the present action, to amend the agreement in question by substituting or adding the plaintiff's name. The agreement need not have been made by, or with him, as an original party. It might be treated as having been made with Hotchkin. If the plaintiff had the entire title to the claim, it was all that was important. Nor would the parol proof offered

have contradicted the contract, regarding it as made with Hotchkin. It would, on the contrary, have been in perfect harmony with it. There is no inconsistency between a contract in the name of one person, and the fact that' another person is entitled to the benefit of it. It will thus be seen, I think, that the obstacle which existed at common law to the plaintiff's bringing the action and making the proof offered in this case, has been entirely removed.

In the view of the case now taken, it would have been more proper for the plaintiff to have set forth the contract in his complaint, as made with Hotchkin, and alleged that it was made by him as agent of the plaintiff, and for the plaintiff's benefit; and I should entertain doubts as to the right of the plaintiff to recover upon the complaint as framed, but for the fact that the defendant has himself set out the contract fully in his answer, and the plaintiff has adopted it in his reply as the one referred to in the complaint. This, I think, obviates the objection now suggested.

It follows that the evidence which was rejected should have been received. A new trial is therefore granted, costs to abide the event.