CHARLOTTE A. NICOLL et al., Executors of, etc., of SOLO-
MON T. NICOLL, deceased, Respondents, v. EDWARD BURKE,
Appellant.

An executory contract in writing, not under seal, executed by an agent and within the scope of the authority of the latter, may be enforced by the principal, although executed in the name of the agent; and this whether he describes himself as agent or not, or whether the principal is known or unknown.

Where, in a written lease for a year, not under seal, after the name of the lessor were the words "agents, as landlords." *Held*, that the words "as landlords" did not prevent the owners of the premises, for whose benefit the lease was in fact made, from bringing an action in their own name to recover rent due.

By the terms of the lease the tenant was to keep the premises in repair; the lease was renewed from year to year by indorsements thereon. *Held*,

that evidence of a verbal arrangement, prior to the last renewal, by which the landlord was to make repairs, and of the bad condition of the premises, because of failure so to do was properly excluded.

But, *held,* that a subsequent parol agreement reducing the rent for the future, which had been acted upon by the parties, was valid and obligatory.

(Argued October 2, 1879 ; decided November 18, 1879.)

APPEAL from judgment of the General Term of the Superior Court, of the city of New York, affirming a judgment in favor of plaintiffs, entered upon a verdict.

This action was brought to recover rent alleged to be due under a lease of certain premises in the city of New York.

Plaintiffs gave in evidence a written lease, not under seal, executed by defendant, dated January 28, 1873, in which the lessors are thus named : " William and E. A. Cruikshank, agents, as landlords." The lease was for a term of one year from May 1, 1873, and contained an agreement on the part of the tenant to keep the premises in good repair. Evidence was also given that the persons named had verbal authority to lease the premises as agents of plaintiffs, who were the owners. This evidence and the lease were objected to on the ground that the lease was not made in plaintiffs' names ; the objections were overruled and exceptions taken. Upon the lease were indorsements renewing it from time to time, the last renewal being for one year, from May 1, 1876 ; the rent was thereby reduced $100, the " other covenants and conditions remain the same." Defendant proved a subsequent agreement reducing the rent $200 more, and also introduced receipts for the first three-quarters of the year for the rent as reduced, the same being stated as received " in full payment." Defendant abandoned the premises in January, 1877, claiming that they were untenantable for want of repair. He gave evidence tending to show that prior to the last renewal plaintiffs' agents agreed to make the outside repairs. Plaintiffs claimed to recover the $150 not paid for the first three-quarters of the year, and for the full rent for the last quarter. Defendant's counsel requested the court to charge that,

among other things, the receipts showed the rent was paid in full to February 1, 1877 ; this was refused and exception taken. The court directed a verdict for the amount of rent as claimed by plaintiffs, to which defendant's counsel duly excepted.

Further facts appear in the opinion.

*Nelson. J. Waterbury*, for appellant. The lease in suit being by William and E. A. Cruikshank, " agents, as land-lords," an action cannot, without assignment, be maintained upon it by any other person. (Greenleaf on Ev. [12th ed.], § 281; *Kiersted* v. *Orange and Alex. R. R. Co.*, 69 N. Y., 343; *Stone* v. *Wood*, 7 Cow., 453; *Guyon* v. *Lewis*, 7 Wend., 26; *Spencer* v. *Field*, 10 id., 88; *Townsend* v. *Hub-bard*, 4 Hill, 351; *Moss* v. *Livingston*, 4 Comst., 208; *De Witt* v. *Walton*, 5 Seld., 571; *Peck* v. *Mallam*, 6 id., 509, 521; *Pumpelly* v. *Phelps*, 40 N. Y., 59; *Orchard* v. *Binin-ger*, 51 id., 652; *Taft* v. *Brewster*, 9 J. R., 334.) The sur-render was not a discharge of the old agreement by the plaintiffs or their agent, but a withdrawal from it by the defendant in pursuance, if the premises were untenantable, of his clear legal right. (Laws of 1860, chap. 345, p. 592; *Johnson* v. *Oppenheim*, 55 N. Y., 280, 285, 289.)

*Walter D. Edmonds*, for respondents. It was proper to prove that the persons with whom defendant dealt directly, in relation to the premises, were agents of the plaintiffs. (*Newton* v. *Bronson*, 13 N. Y., 594; Bishop on Contracts, 1878, § 330.) Plaintiffs were entitled to sue on the lease although it was made by their agents as landlords. (Story on agency, § 160; *Briggs* v. *Partridge*, 64 N. Y., 357.) The fact that defendant moved out of the premises because of their dilapidated condition, before the expiration of his term, is no defense to this action for rent on the lease. (*Luckrow* v. *Horgan*, 58 N. Y., 635; *Witty* v. *Matthews*, 52 id., 512; *Suydam* v. *Jackson*, 54 id., 450.) An agent employed to let premises and collect the rents, has no authority to dis-

charge the original lessee, that not being within the ordinary scope of such an agent's authority. (*Wilson* v. *Lester*, 64 Barb., 431.)

MILLER, J. The plaintiffs in their complaint claim to recover for the rent of certain premises therein described, by virtue of a lease made by their agents, William and E. A. Cruikshank, for the term of one year from the first day of May, 1873. We think that the written lease and indorsements on the same, signed by the defendant, of a renewal thereof from year to year, including the last year, to recover a portion of the rent for which this action was brought, were competent evidence to sustain the complaint. The lease purports to have been made by the lessors named therein, who are stated to be "agents, as landlords," with the defendant in 1873, and renewals from year to year, including the year 1876, are indorsed upon the same. The lease, as well as the indorsements are signed by the defendant only and are not under seal. There was evidently a counterpart to the instrument originally signed by the defendant, but it is not produced and the proof does not show by whom it was signed, if it existed. It appears, however, that the Cruikshanks were agents of the testator who owned the premises; that one Nicoll had charge of the property for the executors in 1876; and that the last renewal of the lease was made under his direction by one Augustus Cruikshank, who was the successor of William and E. A. Cruikshank, who were named in the lease, as already stated. The lease not being under seal, it was entirely competent evidence as a written parol executory contract, entered into by an agent in his own name within his authority, although the name of the principal does not appear in the instrument. The principle is well settled, that if the agent possesses due authority to make a written contract not under seal and he makes it in his own name, whether he describes himself as agent or not, or whether the principal be known or unknown, his principal may be made liable and will be entitled to sue thereon in all

cases, and the instrument may be resorted to for the purpose of ascertaining the terms of the agreement. This doctrine is fully sustained in *Briggs* v. *Partridge* (64 N. Y., 357, 362, 364), where the authorities bearing on the subject are cited and considered. (See also Story on Agency, § 160.) A different rule prevails as to sealed instruments; but where the contract is in writing or by parol, not under seal in the name of the agent and within his authority, the principal can enforce the same and is liable thereon. The contract for the letting of the premises in question from year to year was not required to be in writing. The defendant understood that the agents were acting for others and were liable to the principals. The particular phraseology used in the lease describing the agents " as landlords " does not change the rule or prevent its application to contracts not under seal. In fact, the counterpart of the lease not being produced, and it being no doubt in the defendant's possession, and it not appearing in what manner it was executed by the lessors, and the proof showing that the plaintiffs were the landlords and entitled to the rents, it was reasonable to assume that it was executed by their agents for their benefit and on their account. The cases cited by the learned counsel for the defendant to establish the doctrine that the lease, as it was, could only be enforced by the agents, do not sustain the principle contended for. Most of them relate to instruments under seal and none of them hold that the principal cannot recover where the contract is made by the agent within his authority, either written or parol, when not under seal.

It is also insisted that it was error to exclude the evidence offered as to the bad condition of the premises at the time the defendant surrendered them. The original lease was in writing, and it provided that the tenant should keep the premises generally in good order and repair. This was renewed in 1876, with the same covenants and conditions, except as to the amount of the rent. The writing merged all prior parol conversations, and there is no ground for

claiming that the prior verbal arrangement was a part of the contract. The evidence offered was therefore properly excluded.

The first and second requests to charge covered too much ground and were properly refused. The third request, that the receipts showed that the rent was paid in full to February 1, 1877, should have been granted. The judge also erred in charging as a matter of law that they should find for the plaintiffs the full amount of rent. The receipts showed, and there was a verbal agreement that the rent for the future should be reduced $200, and this was a modification of an executory parol contract which was valid and lawful. Both parties acted under this arrangement, and it was executed and carried into effect. The defendant occupied the premises and the plaintiffs received the rent, according to the altered terms of the contract. We think this was obligatory. It is no answer to say that the receipt in full was not conclusive, or that the rent was not promptly paid, for the contract was executed.

For the errors referred to, the judgment must be reversed and a new trial granted, with costs to abide the event, unless the plaintiffs stipulate to deduct from the judgment fifty dollars, with interest from August 1, 1876; fifty dollars, with interest from November 1, 1876; fifty dollars, with interest from February 1, 1877; and fifty dollars, with interest from May 1, 1877; in which case judgment is affirmed, without costs of the appeal to either party in this court.

All concur.

Judgment accordingly.