ERNEST LUDWIG, Respondent, *v.* LOUIS C. GILLESPIE, Appellant.

Where a contract, not under seal, is made with an agent in his own name, for an undisclosed principal, whether he describes himself as agent or not, either the agent or principal may sue upon it.

(Submitted March 24, 1887; decided April 19, 1887.)

THE following is the *mem.* of opinion herein :

"The action was to recover $22,251.60, as the price of certain bitumen theretofore sold and delivered by the plaintiff to the defendant. Besides a general denial, the answer set up that the bitumen was sold and delivered by the plaintiff, not on his own account, "but as known agent for the firm of Arles, Dufour & Co., his disclosed principals under a special contract in writing, and without authority to receive the proceeds of such sales," and upon this defense the defendant upon trial of the issues before a referee, asked a dismissal of the complaint. His request was denied and judgment went against him, both upon the report of the referee and at the General Term.

"The principal point made in his behalf upon this appeal is that the action was improperly brought by the plaintiff in his own name. It appeared that the contract was negotiated by one Clarke, a broker, who in that character made and signed a writing which, so far as is material, was in these words : 'New York, April 25, 1882.—Sold for account of Mr. E. Ludwig, Agt., to Mr. L. C. Gillespie, four thousand (4,000) cases Syrian bitumen,' etc. A time for delivery was specified and the price declared 'payable thirty days from each delivery.' This contract was assented to by both parties, and the referee finds that 'there was no proof that the name of Arles, Dufour & Co. was disclosed or mentioned as the principal of the plaintiff in the negotiations for the sale, nor at any time before this contract had been executed and delivered ; but he also finds that at the time of making it the 'plaintiff was in fact the agent of Arles, Dufour & Co., of Marseilles, France, for the sale of imported goods,' and that the bitumen was sold and delivered by him, not on his own account, but for

and on ..ccount of Arles, Dufour & Co., and as their agent.

"The evidence sustains these findings, and the case is thus brought within the well established rule of law that when a contract not under seal is made with an agent in his own name for an undisclosed principal, whether he describes himself to be an agent or not, either the agent or principal may sue upon it. (*Considerant* v. *Brisbane*, 22 N. Y. 389; *Schaefer* v. *Henkel*, 75 id. 378.)

"The defendant has received the thing bargained for and a recovery by the plaintiff and payment of the judgment will be a complete protection to the defendant against any claim of the principal arising upon the contract.

"The other questions presented by the appellant relate to rulings by the referee upon offers of evidence, and were properly held by the General Term to be without merit.

"The judgment should be affirmed."

*William Hildreth Field* for appellant.

*M. W. Divine* for respondent.

DANFORTH, J., reads for affirmance.

All concur.

Judgment affirmed.