Daniels, J.-—The
.defendant entered. into an agreement with Then & Carden for the purchase of 100 barrels of cement for the price of $235. The cement at the time was in the possession of William Baird & Company, and it never was either delivered to or in the possession of Then & Carden, but they were in fact no more than brokers for the sale of merchandise and made the agreement for the-sale at the instance and request of Alexander Keiller, another broker in the employment of the plaintiffs. They were the owners of the cement, and it was held in store for them. And after the contract of sale was entered into with the defendant they made an order for its delivery in the following form:

*267 Which was delivered to the defendant, and under its authority they obtained the cement from the warehouse-men mentioned in the order. After the defendant had so obtained the cement it paid the purchase price to Then & Carden by a check payable to their order.
These brokers, as they were at no time entrusted with the possession of the cement, or any other evidence of its ownership than the order, had in fact no authority either actual or apparent to receive this payment, for a broker employed in the sale of property, without authority from his principal, is not entitled to demand or receive payment for the commodity sold. Higgins v. Moore, 34 N. Y., 417; Harrison v. Ross, 44 Supr. Ct., 230.
By the order issued by the plaintiffs and received by the defendant for the cement, the fact was made to appear that the plaintiffs, and not Then & Carden, were the owners of the cement, and that the defendants were to receive it under the contract of sale from them as such owners. And the inference was plainly to be drawn, as Then & Carden were not in the possession of the cement, that it was held by the warehousemen for and as the property of the plaintiffs, and that the defendant was to receive it from them and under their authority in fulfillment of the contract of sale. They were admonished in this manner that the plaintiffs" were the vendors of the cement and entitled to the payment of the purchase price agreed upon in the terms of the sale. And the defendant accordingly made payment to the brokers, selling the property at its own risk and peril. If they had paid over the price to the plaintiffs, that would of course have been a satisfaction of the debt. But as they did not, and were not authorized by the plaintiffs to receive the money, payment to them did not discharge the defendant’s liability. And although the contract for the sale was made by the brokers without disclosing who the principals were in the sale, the plaintiffs as the principals had the right to bring and maintain their action against the .defendant for the purchase price of the property. Ludwig v. Gillespie, 105 N. Y., 653; 7 N. Y. State Rep., 527.
When the sale came to be completed under the order for the goods the defendant was appraised of the fact that the owners and sellers were the plaintiffs, and not Then & Carden, the brokers with whom the defendant dealt. The evidence failed to warrant the direction of a verdict in favor of the defendant, and the judgment should be reversed and a new trial ordered, with costs to abide the event.
Brady, J., concurs.