on the 2d day of November, although the appellants had never occupied the premises, the respondent brought these proceedings to dispossess for nonpayment of rent for the month of November, and obtained a final order, from which this appeal is taken.

This order cannot be upheld, as it presupposes the conventional relation of landlord and tenant, which did not exist. Benjamin v. Benjamin, 5 N. Y. 383. While it was not incumbent on the lessor to place the lessees in actual possession (Insurance Co. v. Scott, 2 Hilt. 551), it was necessary for him to give the lessees the legal right of entry and enjoyment during the term; else there would be a breach of the covenants of title and quiet enjoyment (Gardner v. Keteltas, 3 Hill, 330). By his lease the landlord obligated himself to give legal possession on the 1st day of September. His own acts, or rather his omission to act, in that he failed to give the statutory notice to Shivitz, defeated his right of entry, and he could not confer on his lessees a right which he himself did not enjoy; and, having violated his contract, the lessees were relieved of all liability under the lease, and never became the tenants of the respondent. If the tenancy of Shivitz had been terminated at the time the lease, by its terms, became operative, and Shivitz would have held over, then the case of Gardner v. Keteltas, supra, invoked by the respondent, would apply; for, his term having expired, his continued occupancy would have been that of a stranger, and the appellants' remedy would have been against him, and not against the lessor. But in the case at bar the tenancy of Shivitz had not expired. He, and he alone, was rightfully in possession during the month of September, and it was only between him and the respondent that the conventional relation of landlord and tenant existed.

When in October the respondent was finally able to give legal possession of the premises, the appellants were not bound to accept it, as time was of the essence of their contract. Nor did the fact that legal right of entry to a part of the demised premises was offered make them tenants pro tanto. They were not bound to accept a part. Under the lease, they were entitled to the whole subject of the demise. Kelsey v. Ward, 38 N. Y. 83; O'Brien v. Smith (Sup.) 13 N. Y. Supp. 408. The order must be reversed.

Order reversed, with costs to the appellants. All concur.

---

(27 Misc. Rep. 562.)

WIEHLE v. SAFFOLD.

(Supreme Court, Appellate Term. May 24, 1899.)

1. UNDISCLOSED PRINCIPAL—RECOVERY ON CONTRACT OF AGENT.
    An undisclosed principal may sue on a contract entered into by his agent, although the person contracting supposed he was dealing with the agent as principal.

2. CONTRACT FOR PERSONAL SERVICES OF AGENT.
    Where plaintiff, engaged in the upholstering business, sent her husband to solicit an order of defendant, who was unacquainted with him, and he failed to disclose his agency, saying that he was the man recommended to do the work, and he secured the order, the contract was not one for his

personal service, and was not induced by his skill or special knowledge, so as to preclude the undisclosed principal from recovering on the contract.

Appeal from municipal court, borough of Manhattan, Third district.

Action by Anna Wiehle against Evelyn Saffold. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry Hoyt, for appellant.
Ambroce H. Purdy, for respondent.

LEVENTRITT, J. The plaintiff, engaged in the upholstery business, learned that the defendant desired to have certain curtains repaired, and sent her husband, Rheinhold Wiehle, who was in her employ, to solicit the order. He called at the latter residence, and introduced himself by presenting a card upon which appeared "A. Wiehle." The defendant supposed this stood for his name, she being unacquainted either with him or the plaintiff. Rheinhold Wiehle did not disclose his agency, merely stating that he was the man recommended to do the work which he understood she required. The curtains were delivered to him, and taken to the plaintiff's place of business. The work was performed, and the curtains were then returned. The defendant expressed satisfaction with the workmanship, and gave an additional order. Payment for the first order being demanded, it was refused, on the ground that the charges were excessive. Thereupon this suit was instituted for the value of the labor performed and materials furnished. The parties to this action never met. The justice dismissed the complaint, for the reason that it appeared that "the defendant intended and believed she was dealing with Rheinhold Wiehle, and not with the plaintiff; that the defendant has a right to determine with whom she will deal; and that if the plaintiff permits her husband, while engaged in the transaction of her business, to hold himself out as the principal, she is estopped from denying it, at the expense of a party who relies on such representation." This was error. Under the circumstances disclosed, the plaintiff was entitled to maintain the action, and her rights were unaffected by the act of her husband, or by the fact that she remained unknown to the defendant. The rule has long been settled that where a contract, not under seal, is made with an agent, in his own name, for an undisclosed principal, whether he describes himself as agent or not, either may sue upon it, and the principal may enforce in his own name any rights acquired by his agent in a course of dealing for him. Taintor v. Prendergast, 3 Hill, 72; Nicoll v. Burke, 78 N. Y. 580, at page 584; Ludwig v. Gillespie, 105 N. Y. 653, 11 N. E. 835. A different rule prevails in a case of a sealed instrument. Briggs v. Partridge, 64 N. Y. 357. The evidence in the case at bar does not warrant the conclusion that the contract was one for the personal service of Rheinhold Wiehle, nor that his learning, skill, or special knowledge were contracted for or induced the agreement. While, in such cases, as a party has the right to select with whom he will contract, and as it may be of importance who performs his

work, the rule is that a stranger cannot be thrust upon him without his consent, no such special circumstances obtain in this case, and the undisclosed principal is not precluded from availing herself of her agent's agreement. The judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.