HENDERSON, HULL & CO., Limited, v. McNALLY et al.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

1. APPEAL—PERSONS ENTITLED TO ALLEGE ERROR.
    A defendant, who fails to plead, cannot appeal from a judgment against him.

2. PRINCIPAL AND AGENT—UNDISCLOSED PRINCIPAL.
    Defendant purchased materials from an agent believing him to be acting in his own behalf, but the bills therefor which were received either by

defendant or his servant came from plaintiff, and had written on the face, "No settlement will be allowed unless made payable to the order of [plaintiff]." Defendant also received a letter from plaintiff, asking that a check should be sent it to apply on defendant's account. *Held*, that such facts constituted notice to defendant that plaintiffs were the principals in the transaction, and that he was, therefore, liable for amounts subsequently paid to the agent, which were not accounted for.

Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by Henderson, Hull & Co., Limited, against Harry McNally and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Henry C. K. Heath, for appellants.

Theo. H. Friend, for respondent.

McLAUGHLIN, J. The defendant McNally contracted in writing with one Hale for certain building materials, to be used in the erection of a school building for the city of New York. In making the contract, although Hale did not mention or refer to the plaintiff, he acted for it, which fact McNally at the time did not know. The materials, by different shipments, were delivered by the plaintiff to McNally, and in each instance a bill rendered direct to him. The contract price for the materials delivered was $4,814, which sum, with the exception of one check for $150, McNally paid to Hale, or upon his orders. This sum Hale kept, with the exception of a small amount. The plaintiff demanded payment from McNally, and, he having refused to pay, plaintiff filed a notice of a mechanic's lien, which was subsequently discharged by the defendants giving the usual bond for that purpose, with the defendants McCarthy and Loonie as sureties. Thereafter this action was brought to recover from McNally the contract price of the materials delivered, and from the other two defendants as sureties upon the bond. The complaint, in substance, alleged the foregoing facts. McNally alone interposed an answer, which was substantially a general denial of the allegations of the complaint, coupled with an affirmative allegation that the contract for the materials was with Hale, and that he dealt with him as principal, and not as agent; that he had paid him the amount called for by the contract, and that at and prior to the time such payments were made he had no knowledge that Hale represented the plaintiff, or that the plaintiff claimed to be the principal in the sale and delivery of the materials referred to. The learned justice, sitting at special term, held, after the trial had before him, that McNally had the right to deal with Hale as principal until he had notice of a claim by the plaintiff, and that such notice was not given until the 14th of December, 1897. At that time the defendant had paid to Hale $2,450, and the plaintiff was entitled to recover only the difference between that sum and the $4,814, the amount called for by the contract, and judgment was directed against the defendants for that sum. From this judgment all of the defendants have appealed.

The defendants McCarthy and Loonie, having made default in pleading, were not in a position to appeal from the judgment, and therefore so much of the appeal as relates to them must be dismissed, and as to the defendant McNally we are entirely satisfied, after a careful consideration of the record, that the judgment is right, and should be affirmed. There is an abundance of evidence to sustain the finding that all payments made after the 14th of December, 1897, were made by McNally with knowledge of the plaintiff's claim. On that day the plaintiff wrote McNally the following letter:

"Montgomery, Lycoming Co., Pa., December 14th, 1897.

"Harry McNally, Esq., New York, N. Y.—Dear Sir: Won't you please send us a check for $1,000 or $1,500 on your account by return mail? At the present time we are very much pressed for money, and whatever you can send us we will consider it a special favor. Hoping to hear from you by return mail, with a good check, we remain,

"Yours truly,                         Henderson, Hull & Co., Ltd."

The plaintiff, as before stated, at the time of each shipment of the materials (and there were some 17 or 18 shipments in all) mailed a bill to McNally, and he did not deny that he received them. All he would say on that subject was that he did not personally get them, but that his carpenter, who had charge of the building, might have done so. But that he, or some one representing him, received the bills, or some of them, is apparent from what transpired at the trial. There the plaintiff's counsel requested the defendants' counsel to produce the bills, and in response the defendant's counsel said, "There are what we have got," at the same time handing several bills to the plaintiff's attorney; and stamped upon the face of each one of these bills, in red ink, was the statement, "No settlement will be allowed unless made payable to the order of Henderson, Hull & Co., Ltd." It is not disputed that, after the receipt of the letter of December 14th, McNally paid to Hale, or upon his orders, the amount for which judgment was directed,—$2,364,—and of this sum something like $1,100 was paid after the notice of lien was filed, and a portion of that after the commencement of this action. After McNally had notice of the plaintiff's claim, he had no right to make further payments to Hale, and the payment to him did not discharge his obligation to the plaintiff. The fact that the contract was made in Hale's name, and that the plaintiff was not mentioned or referred to in it, did not, after the receipt of such notice, change the legal rights of the parties, or relieve McNally from dealing with the plaintiff as principal. One cannot obtain the property of another through the medium of a third party, and escape paying for it on the ground that he dealt with the third party as principal, and not as agent. This is elementary. The general rule is that an executory contract, in writing, not under seal, executed by an agent, and within the scope of his authority, may be enforced by the principal, although executed in the name of the agent, and this whether he describes himself as agent or not, or whether the principal is known or unknown. Nicoll v. Burke, 78 N. Y. 580; Ludwig v. Gillespie, 105 N. Y. 653, 11 N. E. 835;

Brady v. Nally, 151 N. Y. 262, 45 N. E. 547; Ford v. Williams, 21 How. 287, 16 L. Ed. 36; Story, Ag. § 396. The letter of December 14th, taken in connection with the other circumstances, was sufficient notice to McNally that the payment for the materials, under the contract, should be made to the plaintiff and not to Hale.

We have examined the other questions raised, but they do not seem to be of sufficient importance to require consideration here. It follows that the judgment must be affirmed as to the defendant McNally, with costs, and the appeal dismissed as to the other two defendants, with costs. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. I am unable to agree in the affirmance of this judgment. Hale made a contract with McNally to furnish him with the articles to recover for which this action is brought for the sum of $4,814. In making this proposal there was no indication of any kind that Hale was acting for the plaintiff, or for any one else. The proposal was in writing, and is as follows:

"Revising my estimate of the Trinity Avenue School, I propose to furnish, according to plans and specifications, window frames," etc., "for $4,814, delivered."

McNally accepted Hale's offer by letter, saying:

"I hereby accept your estimate for the Trinity Avenue School Building of forty-eight hundred and fourteen dollars ($4,814.00) for frames," etc., "according to plans and specifications. Please put the same in work at once, and have ready as called for."

Here was a personal contract between McNally and Hale, by which Hale agreed to furnish articles specified for a sum of money. When this contract was made, Hale had no agreement with the plaintiff, but over a month after the contract was made Hale wrote to the plaintiff as follows:

"Please quote net figure f. o. b. Harlem river for the inclosed list No. 833."

This inclosed list apparently was a list of articles which Hale had agreed to furnish to McNally. On March 26th plaintiff wrote to Hale as follows:

"We find that the best we can do on these three lists would be $3,675.00, and there would be but little profit in it for us at that price."

In reply to that letter, Hale wrote as follows:

"I note what you say regarding the price on No. 833, and would be willing to give you the order at $3,675, if you wish to handle it."

On April 1st plaintiff wrote to Hale, accepting Hale's offer, saying:

"We have decided to accept job 833 at $3,675.00. You will please send us prices at which to bill this, and also send us an acceptance to us from Mr. McNally."

It is quite evident that Hale, in making this offer to McNally, did not make it as agent of the plaintiff. He made it as an individual offer, and the contract which was made between Hale and McNally was an individual contract of Hale's, by which he agreed to furnish McNally, at a sum specified, the articles described. To

procure those articles, Hale applied to the plaintiff, and the plaintiff agreed to furnish the articles to Hale at a price considerably less than that for which Hale had agreed to furnish them to McNally. Plaintiff requested Hale to procure from McNally an acceptance of the order, and from that it would appear that the plaintiff understood that Hale had made the contract with McNally. No such acceptance was given, but, on the contrary, McNally expressly refused to make any contract with the plaintiff, or to deal with it in any way. Notwithstanding this, the plaintiff went on, and delivered the goods to McNally. The plaintiff, however, made no specific claim upon McNally that he was under any obligation to pay it any sum of money. Nor was there any contractual relations of any kind between the plaintiff and McNally by which McNally became under any obligation to pay any sum of money to the plaintiff. There was no assignment of this contract between Hale and McNally to the plaintiff. What the plaintiff agreed to do was to furnish Hale the goods which he (Hale) had contracted to furnish to McNally, and certainly at no time was McNally under any obligation to pay to the plaintiff any sum of money. He had refused to recognize it as a contractor; he had agreed to pay it no sum of money. The fact that it had furnished Hale with the materials to enable him to complete his contract with McNally would give it no lien upon the money that McNally was to pay to Hale until it had filed a mechanic's lien under the statute. The request of the plaintiff to McNally on December 14, 1897, to send to the plaintiff a check for $1,000 or $1,500 "on your account, by return mail," was certainly not a notice to McNally that Hale had transferred his contract to it; but in answer to that McNally wrote to the plaintiff to say that he had made the contract with Hale, and was accountable to Hale for the amount, having already paid Hale the sum of $2,450 on account. Here was the distinct statement of McNally's to the plaintiff that they recognized Hale, and Hale only, as the person with whom they had a contract; that they had accounted to Hale for the price, and that the plaintiff was to look to Hale. It did not appear that the plaintiff answered this letter, or objected to this construction of the relations that existed between them, or notified McNally that subsequent payments must be made to the plaintiff. Thus McNally had made a contract with Hale, and refused to recognize any one else as a contractor. Hale, when he made the contract, was not acting as agent for the plaintiff, nor did he make the contract on the plaintiff's behalf, for it was over a month after the contract was made that the plaintiff consented to furnish the goods to complete Hale's contract. The plaintiff never notified McNally that it was its contract, except so far as to ask him to send it money, which McNally refused to do upon the ground that he had contracted with Hale, and was responsible to Hale; and to that the plaintiff made no objection, and made no claim that McNally was responsible to the plaintiff, or should not pay Hale the amount of the contract price. Under these circumstances, I fail to see any relation between the plaintiff and McNally which would entitle the plaintiff to recover from McNally the amount

of the price of the articles which Hale had contracted to deliver to him, and for which he had paid Hale.

I think the judgment should be reversed.