### KILPATRICK v. AMERICA WEST AFRICA TRADING CO.

(Supreme Court, Appellate Term.   May 15, 1908.)

1. PRINCIPAL AND AGENT—RIGHTS OF UNDISCLOSED PRINCIPAL.

An undisclosed principal in a contract of sale of personalty may enforce the same against the buyer, irrespective of whether or not the buyer knew that the ostensible seller was or was not an agent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, § 504.]

2. EVIDENCE—PAROL EVIDENCE—SHOWING PARTIES TO INSTRUMENT.

Parol evidence is admissible to show that the seller named in a written contract for the sale of personal property was merely an agent, and is not objectionable as tending to alter a written contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2112.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Walter F. Kilpatrick against the America West Africa Trading Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Ludwig Zeisler, for appellant.
William H. Janes, for respondent.

GIEGERICH, J. The action is to recover back the sum of $317.56, alleged to have been paid by the plaintiff's assignor to the defendant for certain lumber, which it is claimed the latter refused to deliver. The answer denies this refusal, and sets up a counterclaim for damages alleged to have been sustained by the defendant in consequence of the failure of the plaintiff to remove and accept or pay for certain lumber purchased by him under a written contract between the parties, dated September 24, 1907. The trial of the cause resulted in a judgment in favor of the plaintiff for the full amount claimed.

The evidence adduced in the defendant's behalf tends to show that the Standard Mahogany Company was the broker or selling agent of the defendant, that such agency extended to the contract in question, that the plaintiff knew of such agency, and that he knew that the lumber in suit belonged to the defendant. After such testimony was given, the defendant offered to prove his damages under the contract of September 24, 1907, as pleaded in the counterclaim, which the trial justice excluded upon the plaintiff's objection, on the ground that the Standard Mahogany Company was an independent company, and the defendant noted an exception. In rebuttal the plaintiff testified that the said Standard Mahogany Company was an independent concern, and that he never knew or recognized it as the agent of the defendant. After all of the foregoing testimony had been admitted the defendant made an effort on rebuttal to further strengthen the evidence as to the relations between the defendant and the said Standard Mahogany Company; but the same was excluded on the plaintiff's objection, to which ruling the defendant excepted.

From this ruling, as well as the former one, above noted, it clearly appears that the court would not permit any further testimony to be offered showing that the contract in question was, as a matter of fact, the defendant's contract. This ruling is contrary to the well-established principle that oral testimony is competent to show that the person by whom and in whose name a written parol executory contract was made was an agent and not a principal, and is not open to the objection that it shows a different agreement than that produced in writing. Brady v. Nally, 151 N. Y. 258, 45 N. E. 547. Even if the plaintiff had no knowledge of the agency of the Standard Mahogany Company, he would, nevertheless, be liable to the defendant upon the contract in controversy, if, as a matter of fact, it was entered into by the company for the defendant as an undisclosed principal. The general doctrine as to undisclosed principals is aptly stated in the American & English Encyclopædia of Law (2d Ed.) vol. 1, p. 1168, as follows:

"Where an agent enters into a contract as though made for himself, and the existence of a principal is not disclosed, the principal may, as a general rule, enforce the contract"—citing numerous authorities, among them the following New York cases: Taintor v. Prendergast, 3 Hill, 72, 38 Am. Dec. 618; Union India Rubber Co. v. Tomlinson, 1 E. D. Smith, 379; Erickson v. Compton, 6 How. Prac. 471; McKay v. Draper, 27 N. Y. 256; Nicoll v. Burke, 78 N. Y. 580.

In Nicoll v. Burke, supra, the doctrine applicable to the situation in the case at bar is thus stated by the court (pages 583, 584):

"The principle is well settled that if the agent possesses due authority to make a written contract not under seal, and he makes it in his own name, whether he describes himself as agent or not, or whether the principal be known or unknown, his principal may be made liable and will be entitled to sue thereon in all cases, and the instrument may be resorted to for the purpose of ascertaining the terms of the agreement. This doctrine is fully sustained in Briggs v. Partridge, 64 N. Y. 357, 362, 364, 21 Am. Rep. 617, where the authorities bearing on the subject are cited and considered. See, also, Story on Agency, § 160. A different rule prevails as to sealed instruments; but where the contract is in writing or by parol, not under seal, in the name of the agent and within his authority, the principal can enforce the same and is liable thereon."

The rejection of the testimony referred to was therefore erroneous, and, as such ruling was prejudicial to the defendant, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.