### NITRO POWDER CO. v. MARX & RAWOLLE.

(Supreme Court, Appellate Division, Third Department.  December 28, 1911.)

PRINCIPAL AND AGENT (§ 143*)—RIGHTS OF UNDISCLOSED PRINCIPAL.

A contract involving no confidential relation may be enforced by an undisclosed principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 502–512; Dec. Dig. § 143.*]

Kellogg and Betts, JJ., dissenting in part.

Appeal from Trial Term, Ulster County.

Action by the Nitro Powder Company against Marx & Rawolle. Appeal by plaintiff from a judgment in favor of defendant. Affirmed. See, also, 142 App. Div. 922, 127 N. Y. Supp. 1134.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Emanuel Metzger (Arthur C. Connelly, of counsel), for appellant. Black, Varian, Bigelow & Somers (Warren Bigelow, of counsel), for respondent.

PER CURIAM.  It seems clear that the contract between the defendant and the Garrigues Company, if it in fact had been made by the Garrigues Company as agents for the plaintiff, might be enforced by the plaintiff as an undisclosed principal.  Its performance involved no confidential relation, such as is necessary to take the contract out of the general rule.

Plaintiff had a right either to purchase these goods through these brokers as his agents, or to make a contract to purchase from these brokers, leaving them with the responsibility of sellers.  Plaintiff elected to adopt the latter course, as clearly appears from the contract made, Exhibits C and D.  Exhibit A, which is the contract between the brokers and the defendant, while signed by Charles F. Garrigues · Company, brokers, is made in behalf of the Charles F. Garrigues Company, and the acceptance is signed by the Charles F. Garrigues Company, not as brokers.  Under the contract as made between the plaintiff and Charles F. Garrigues Company, plaintiff could compel performance by the Charles F. Garrigues Company whether or not the defendant defaulted in its contract with the Garrigues Company.  If the Garrigues Company were simply the agents of the plaintiff to make this contract, they incurred no such liability.  So that the form of the contract made with the Garrigues Company, whether

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as agents or as independent contractors, made a material difference in the rights of the parties between themselves; and, having elected to deal with the Garrigues Company through an independent contract, there can be no privity between the plaintiff and the defendant, from whom Garrigues Company did in fact make their purchases to fulfill their contract with the plaintiff. The complaint was therefore properly dismissed, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except KELLOGG, J., dissenting in memorandum in which BETTS, J., concurs.

JOHN M. KELLOGG, J. (dissenting). Garrigues Company were brokers for the sale of nitroglycerine and other explosives. Their purchases were never for their own use. They had dealt extensively with the defendant and had bought much glycerine from it, some of which to defendant's knowledge was bought for and shipped to the plaintiff. Defendant allowed the company a broker's commission on all purchases. Usually the memorandums of purchase indicated the person for whom the brokers were acting, and other times used the Garrigues name or a fictitious name if it was desirable not to make the identity of the purchaser known. The evidence is conclusive that the glycerine in question was bought by the Garrigues Company for the plaintiff, and immediately after the contract was executed the defendant had knowledge of the fact and continued to fill the contract. The memorandum signed by Garrigues Company has the word "broker" attached to the signature, thus indicating that it was acting as agent for an undisclosed principal. The mere fact that Garrigues Company sent a memorandum to the plaintiff for its approval, in a letter which stated that the glycerine had been bought for plaintiff's account and duly accepted by us, with duplicate for your acceptance, cannot change the relations of the parties. Within the familiar rule of Nicoll v. Burke, 78 N. Y. 580, and Milliken v. Western Union Telegraph Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281, the plaintiff may recover upon the contract. Many times the weekly orders were not given, but subsequent orders were honored when given. By disregarding time the defendant had set the time running and could not thereafter require strict performance without some previous notice. The judgment should therefore be reversed upon the law and the facts, and a new trial granted, with costs to the appellant to abide the event.