IDA PLATNER, Appellant, v. EDWARD G. COX, Respondent.

Third Department, November 16, 1921.

**Vendor and purchaser — action for purchase money — sale of farm by agent of vendor to agent for undisclosed principal — action by vendor against agent of undisclosed principal — vendor is entitled to recover where agent did not disclose who his principal was and where vendor establishes that she was undisclosed principal of her agent and parted with real estate in question — agent of vendor not necessary party.**

In an action against the agent of an undisclosed principal to recover on a contract not under seal for the sale of a farm, the complaint should not have been dismissed at the close of the plaintiff's case on the ground that she had not made her agent a party, where the evidence established that

she was the undisclosed principal of the agent who effected the sale, that she parted with title to the real estate in question, and that the only known party that she dealt with in parting with said title, so that he could control it, was the defendant, who legally bound himself to pay for the land, which was conveyed to his wife, by his direction, by third persons to whom it was conveyed by the plaintiff after the execution of the contract.

APPEAL by the plaintiff, Ida Platner, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 12th day of May, 1921, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Henry J. Crawford*, for the appellant.

*Amasa J. Parker, Jr.*, for the respondent.

KILEY, J.:

This action is brought upon a contract for the sale of a farm situate in the town of Schodack, county of Rensselaer, N. Y. The recitals as to the parties to that contract are as follows: "This agreement made this 27th day of April, 1920, between Charles H. Parker of Albany, New York (undisclosed principal, owner of the Jacob H. Snook farm in the town of Schodack, Rensselaer County, New York) party of the first part, and Edward G. Cox, of Albany, New York (undisclosed principal, purchaser of said farm) party of the second part." The record discloses that prior to the date of this agreement and on January 12, 1920, the appellant, plaintiff in this action, acquired title to the farm described in the contract from Luella M. Parker of Delmar, N. Y., and that the deed was recorded in the proper county clerk's office on the 8th day of April, 1920. There also appears of record a deed from this appellant of the same farm to Peter S. Jones, recorded in the proper county clerk's office May 4, 1920, which was subsequent to the date of the contract upon which this action is founded. There is due on the contract $2,900, no part of which has been paid. For such unpaid purchase price this action is brought. The plaintiff alleges in her complaint as follows: "*Fifth.* That thereafter, in pursuance of direction given by the defendant, and on April 28th, 1920, Peter S. Jones and his wife, Katherine Jones, duly executed a deed conveying said farm

to Mary A. Cox, the defendant's wife, and that said deed was duly recorded in the Rensselaer County Clerk's office on April 29th, 1920, in book of deeds 389 at page 281, and that title to said farm is now in the name of Mary A. Cox." The defendant, by his answer, 5th paragraph, admits each and every allegation of plaintiff's complaint above quoted. We have a perfect record title of said farm from the plaintiff to the now owner of the same; the last conveyance made by direction of this defendant and under the authority found in the contract of sale upon which this action is based. Said contract was not under seal. Upon the trial plaintiff is met with the proposition that she cannot recover in this action because she has not made her agent, Charles H. Parker, who has departed the jurisdiction of the court, a party to this action. It is not ascertainable from this record why or how plaintiff could have made her agent Parker a party to the action. The allegations of the complaint and the evidence upon the trial show that said Parker never had any interest in the action nor in the subject-matter thereof. To so allege would be inconsistent with her position as sole owner and party entitled to the purchase price, and inconsistent with any conclusion that can be drawn from the pleadings and the proof. Defendant, when he made the contract, gave notice that he was acting for an undisclosed principal and so far as the record shows, he did not disclose to plaintiff for whom he was acting at the time she sold to him under the contract. Under such circumstances as appear here she has a right to maintain this action. The defendant had the right to ask that Parker be brought in as a party if he could swear or show by competent evidence that Parker had any interest in the action or the subject-matter thereof. Having failed to do so he was not in a position to successfully urge that plaintiff should be kept out of the money to which she was entitled for her property which, by his direction, under the contract he had made for an undisclosed principal, was transferred to his wife. He was sued as party defendant because he did not disclose who his principal at that time was, nor is it since disclosed, except by inference, from the conveyance to his wife. Plaintiff was nonsuited at the close of her case upon the ground above set forth. That plaintiff had a right to

maintain this action under the allegations and proofs in this record has many times been held. (*Nicoll* v. *Burke*, 78 N. Y. 580; *Ludwig* v. *Gillespie*, 105 id. 653.) The plaintiff having shown both by her evidence and official records that she was the undisclosed principal of Parker, that she parted with her title to the real estate in question under the contract in suit here, and that the only known party that she dealt with in parting with said title, so that he could control it and did control it, was this defendant, and he legally having bound himself to pay therefor, she was entitled to maintain this action.

The judgment should be reversed, with costs.

JOHN M. KELLOGG, P. J., COCHRANE, H. T. KELLOGG and VAN KIRK, JJ., concur.

Judgment and order reversed and new trial granted, with costs to the appellant to abide event.