MARY ALPERT and Another, Appellants, v. G. R. E. CONSTRUCTION CORPORATION, Respondent.

First Department, December 2, 1927. ·

**Vendor and purchaser — specific performance — action by purchaser to compel specific performance of land contract — plaintiffs' names appeared in body of contract but it was signed on their behalf by another — contract was not under seal — plaintiffs can adopt act of agent and may maintain action on contract.**

The land contract which the plaintiffs seek to have specifically enforced contained in the body thereof the names of the plaintiffs but it was signed on their behalf by a third person. Since the contract was not under seal, the plaintiffs had the right to adopt the act of their agent and may maintain this action on the contract.

APPEAL by the plaintiffs from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 9th day of February, 1927, as amended by an order entered on the 8th day of March, 1927.

*Harry G. Anderson* of counsel [*Anderson, Phillips & Moss,* attorneys], for the appellants.

*J. Philip Van Kirk* of counsel [*Kadel, Van Kirk, Trencher & Villamena* with him on the brief; *Gold & Maran,* attorneys], for the respondent.

MARTIN, J. This action is against the owner of real property for the specific performance of a contract in writing for the sale of said property. The introductory paragraph of the agreement states that it is between the defendant, as seller, and Mary Alpert and Fannie Alpert, as purchasers. One copy of it was signed by the defendant and one by B. Alpert.

By its terms the price was fixed at $145,000, of which $90,000 was to be paid by the purchasers taking the property subject to a first mortgage for that amount, payable in five years at six per cent interest; $30,000 by giving a second purchase-money mortgage payable $750 quarterly, beginning three months from April 1, 1926, with six per cent interest. Of the balance, $500 was to be paid on the signing of the agreement, $3,000 upon executing a formal contract, and $21,500 on the delivery of the deed. The agreement gave the option to the plaintiffs to take title in either thirty or sixty days, and provided that, if title closed in thirty days, the final payment should be $22,500. A check for $500 signed by B. Alpert was delivered to the defendant when the agreement was signed.

The trial court approved findings and conclusions of law to the

effect that the contract is sufficient under the Statute of Frauds (Real Prop. Law, § 259), that its provisions as to the method of payment and duration of the purchase-money mortgage are not ambiguous, and that such duration is ascertainable by calculation to be ten years, the longest period contended for by either side.

The day following the making of the agreement the attorney for plaintiffs went to the office of the defendant's attorneys. There were also present Barnet Alpert, Isidore Alpert and Simon Alpert and a Mr. Grutman, the president of the defendant corporation. The attorney who represented both defendant and the brokers began to dictate the formal contract. When he indicated that the purchase-money mortgage was to run for six years, the lawyer for the plaintiffs objected on the ground that its term was to be ten years. In view of the lateness of the hour, counsel for the plaintiffs suggested that an adjournment be taken. The defendant's representative refused to sign the stipulation unless it contained a provision that the duration of the second mortgage be fixed as six years. This was not consented to, and the meeting closed.

A further meeting, apparently brought about by the brokers in an attempt to adjust the differences between the parties, was held at the same place; and the controversy respecting the duration of the second mortgage passed over temporarily, the discussion proceeding as to the subordination clause to be inserted in the second mortgage as well as the periods of grace for payment of interest and of taxes. The attorney for the plaintiffs agreed to yield with respect to the duration of the second mortgage if the defendant would agree to plaintiffs' form of subordination clause. These efforts all proved to be futile, with the result that the matter stood as it had been left when the agreement was signed and the $500 paid.

The trial court decided that the plaintiffs had no contract. This result appears to have been reached on the theory that none but B. Alpert, who signed one part of the contract, could enforce it and not on the effect of the testimony that he signed the agreement for plaintiffs.

The case appears to have been decided upon a rule of law relating solely to agreements under seal, although this was not a sealed instrument. Here the plaintiffs are entitled to adopt the act of their agent as their own act; and, if they prove a good cause of action for specific performance, they may be afforded the relief they seek.

In *Navarre H. & I. Co.* v. *American Appraisal Co.* (156 App. Div. 795) we find this: " It is elementary that a principal is entitled

to maintain an action upon a contract not under seal, made by his agent with a third person, although the agency is not disclosed at the time the contract is made. If the agent possesses authority to make a written contract not under seal, and makes it in his own name, the principal, whether known or unknown, may be made liable, and he, in turn, is entitled to the benefit of the contract and may sue thereon."

To such rule there are exceptions not now in point. (*Nicoll* v. *Burke*, 78 N. Y. 580; *Henderson, Hull & Co.* v. *McNally*, 48 App. Div. 134; *Kelly Asphalt Block Co.* v. *Barber Asphalt Paving Co.*, 136 id. 22; *Moore* v. *Vulcanite Portland Cement Co.*, 121 id. 667.)

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the result.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.