MARY A. O'SULLIVAN, Plaintiff, v. JARACH-GUETTA INDUSTRIAL OVERSEAS Co., INC., Defendant.

Supreme Court, Special Term, New York County, February 11, 1949.

*Milton I. Newman* for plaintiff.

*Feinson & Feinson* for defendant.

BENVENGA, J. This is a motion to strike out certain defenses as insufficient in law.

The complaint alleges the breach of a contract entered into between Eastern Dairy Products Co., " as agent ", and defendant Jarach-Guetta Industrial Overseas Co., by refusing to take delivery of a quantity of flour and make payment therefor.

Plaintiff, suing as assignee, claims that prior to the commencement of the action, Carl W. Bartels, doing business under the name of Eastern Dairy Products Co., duly assigned to her " all

rights and causes of action '' against defendant arising out of the matters complained of. The second defense is that the plaintiff's assignor was '' merely an agent in behalf of '' a flour mill and '' not the real party in interest ''. The question presented is whether plaintiff may prosecute the action in her own name as the '' real party in interest '' within the meaning of section 210 of the Civil Practice Act. No case in point has been called to my attention, nor has extensive search disclosed any. The problem must be decided upon principle.

Section 210 of the Civil Practice Act, abrogates the common-law rule that the right of action followed the legal title, and therefore prohibited the prosecution of an action at law otherwise than in the name of the original parties to a contract, even though one of the parties had assigned or transferred his claim or demand to another (*Considerant* v. *Brisbane,* 22 N. Y. 389, 392–393; *Allen* v. *Brown,* 44 N. Y. 228, 231). The statute now requires every action to be prosecuted in the name of the '' real party in interest '', unless otherwise specifically provided (Civ. Prac. Act, § 210).

The real party in interest, within the meaning of the statute, is he who, by substantive law, has title, legal or equitable, to the claim or demand (*Spencer* v. *Standard Chemicals & Metals Corp.,* 237 N. Y. 479, 480–481; *Maynes* v. *Luciano,* 154 Misc. 519, 520). The test is whether the party plaintiff has a '' beneficial interest '' in the chose in action (*Considerant* v. *Brisbane, supra,* p. 394), so that recovery or satisfaction by him will protect defendant against claims by third parties (*Spencer* v. *Standard Chemicals & Metals Corp., supra,* p. 483; *Sheridan* v. *Mayor of City of N. Y.,* 68 N. Y. 30, 32; *St. James Co.* v. *Security Trust & Life Ins. Co.,* 82 App. Div. 242, 246, affd. 178 N. Y. 560; *Borgos* v. *Price,* 140 Misc. 287).

Thus, the assignee of a chose in action is the real party in interest within the purview of the statute, '' ' if, as between the assignor and assignee, the transfer is complete, so that the former is divested of all control and right to the cause of action, and the latter is entitled to control it and receive its fruits ' '' (*Spencer* v. *Standard Chemicals & Metals Corp., supra,* pp. 480–481; *Cummings* v. *Morris,* 25 N. Y. 625, 627; *Titus* v. *Wallick,* 306 U. S. 282, 288–289). So is the principal, whether disclosed or undisclosed, where a written contract, not under seal, is made by an agent within the scope of his authority, even though executed in the name of the agent, and whether he describes himself as agent or not (*Nicoll* v. *Burke,* 78 N. Y. 580, 583–584; *Kil-*

*patrick* v. *America West Africa Trading Co.,* 59 Misc. 180, 182; *Erickson* v. *Compton,* 6 How. Prac. 471, 473–474; see *Crowley* v. *Lewis,* 239 N. Y. 264).

Whether the agent is a real party in interest or can prosecute an action in his name depends upon the circumstances. If the contract was made in the name of the agent, or if the agent pledged his personal credit, whether the principal was disclosed or undisclosed, then action on the contract may be brought either by the principal or by the agent (*Ludwig* v. *Gillespie,* 105 N. Y. 653; *Shirai* v. *Blum,* 239 N. Y. 172, 182; *Jones* v. *Gould,* 200 N. Y. 18, 20; *Minder & Son* v. *Schreiber Co.,* 73 F. Supp. 477, 480–481). But the right of the agent to sue upon the contract is subordinate to that of the principal (*Rowe* v. *Rand,* 111 Ind. 206, 211), for the title, legal and equitable, in the claim or demand is in the principal, and the statute confers upon him, as the " exclusive owner " of the claim or demand (*Erickson* v. *Compton, supra,* p. 474), the right at his election to sue in his own name or in the name of the agent (*Kelly Asphalt Block Co.* v. *Barber Asphalt Paving Co.,* 211 N. Y. 68, 70; *Considerant* v. *Brisbane, supra,* pp. 392, 393; *Erickson* v. *Compton, supra,* p. 474).

As succintly stated in Clark on Code Pleading (§ 30), the rule is: " The principal, whether disclosed or undisclosed, is normally the only person to sue on contracts made for him by an agent. Only where the agent has some property in the subject-matter of the contract, or where the contract is made with the agent in contemplation of law, may the agent also sue." (See, also, Andrews' Stephen's Pleading [2d ed.], p. 68.)

Applying these principles, it would seem that the real party in interest is the undisclosed principal for whom Eastern Dairy Products Co. acted as agent. Such principal is the " exclusive owner " and has title, legal and equitable, to the claim or demand. Only payment to him or his agent, acting for and in his behalf, will protect defendant and bar all claims or demands by others. Certainly, payment to or satisfaction by plaintiff, as assignee of the agent, will not discharge the claim or demand, nor would it be any protection to defendant; for the principal, so far as the pleadings show, has not divested himself of all control and right to the claim or cause of action.

True, the agent is authorized to bring action in his name, but that is because he made the contract in his name. Nevertheless, his right to prosecute the action is subordinate to that of his principal. He cannot delegate that right to another, nor can he assign the right of action — at least, not without the knowl-

edge and consent of his principal. Only the principal, as the sole owner of the claim or demand, can assign it. And there is no allegation that the principal assigned the cause of action or that it was assigned with his knowledge and consent.

The motion to dismiss the second defense is therefore denied. As for the motion to dismiss the other defenses, that motion is also denied. It is the well-settled practice in this department to be liberal in the retention of special defenses, even though the facts alleged therein are provable under a general denial (*Home Ins. Co.* v. *Gillespie Loading Co.*, 222 App. Div. 67, 68; *O'Keefe* v. *Young & Rubicam, Inc.*, 257 App. Div. 141, 143, 145; *Levine* v. *Behn*, 257 App. Div. 156, 157, 159, revd. on other grounds 282 N. Y. 120, 122–123).

The motion is in all respects denied.