Estelle M. Young, Petitioner, v. Charles W. Young, Respondent.

Domestic Relations Court of City of New York, Family Court, New York County, March, 1935.

*Bernard L. Goldberg*, for the petitioner.

*Alexander A. Mayper*, for the respondent.

Panken, J.  The testimony in this case shows that the respondent has never resided outside of the county of Nassau in the State of New York.  There is testimony that he had from time to time come into the city of New York either for business purposes or visits.  The proof, however, is that he had never resided in the city of New York temporarily or otherwise.

The question presented to me is whether the court has jurisdiction in this proceeding.  Section 103 of the Domestic Relations Court Act (Laws of 1933, chap. 482) provides the residential requirements to confer jurisdiction upon the court.  Subdivision (a) of that section does not apply.  Subdivision (b) of section 103, in so far as this proceeding is concerned, would give the court jurisdiction if the respondent were found in the city at the time of the filing of the petition for support.  It reads: " if  *  *  *  (b) he is not residing or domiciled in the city but is found therein at such time, provided that the petitioner is so residing or domiciled at such time."

The petitioner is a resident of the city of New York; the respondent is not so.  Subdivision (b) of section 103 must be read together with the whole section and must be so construed.  The section provides that the respondent must be found in the city at the time of the filing of the petition and that the petitioner be a resident of the city of New York whether or no the respondent is so a resident.  The statute is definite and conclusive.

Subdivision (c) of section 103 is not applicable, since the proof shows that the respondent never resided in the city of New York and so could not have failed to furnish support to the petitioner.

Where the court has jurisdiction the process of the court would reach a respondent or a petitioner in any county of the State in like manner and with the same force and effect as the mandates of County Courts as provided by the Civil Practice Act. It is evident, however, from a reading of the act that the court must first have jurisdiction before its process can reach a party to a proceeding in a county outside of the city of New York.

Section 103 of the Domestic Relations Court Act has not been as yet construed. It is my conclusion that the respondent never having been domiciled and never having abandoned his wife in the city of New York and not having been found within the city at the time of the filing of the petition, the court has not obtained jurisdiction.

The petition, therefore, is dismissed.