BERTE BERINGER, Petitioner, *v.* SOL BERINGER, Respondent.

Domestic Relations Court of City of New York, Family Court Division, New York County, October 11, 1937.

*Edward W. Hall*, for the petitioner.

*Otto A. Samuels* [*Benjamin I. Taylor* of counsel], for the respondent.

PANKEN, J. Under section 91, paragraph (a) of subdivision 2, of the Domestic Relations Court Act, this court has " Jurisdiction for the protection, guardianship and disposition of neglected or dependent minors."

Under section 92 of the same act, the court has the power to " Order support of a wife or child or both, irrespective of whether either is likely to become a public charge."

Under section 101, the Legislature declared that " A husband is hereby declared to be chargeable with the support of his wife and children and, if possessed of sufficient means or able to earn such means, may be required to pay for their support a fair and reasonable sum according to his means, as may be determined by the court."

The petition herein alleges that the parties were married in Jersey City, N. J., on the 1st day of November, 1915; that there is one female child under the age of sixteen, to wit, thirteen years of age, and that the husband, the respondent herein, has failed and refused and neglected to provide fair and reasonable support for the petitioner and the other dependent according to his means since the 1st day of May, 1937.

In an action commenced by the petitioner herein against the respondent in Westchester county, New York State, a decree was entered by a justice of the Supreme Court, allowing the petitioner the sum of fifty dollars weekly for the support of herself and her

children. There have been several collateral proceedings in connection with the suit in the Supreme Court of New York State, Westchester county.

The respondent resists the application of the petitioner on the ground that this court has no jurisdiction and refers the court to section 103 of the Domestic Relations Court Act.

His motion to dismiss the proceeding for lack of jurisdiction is denied. On the face of the petition, nothing appears which indicates that the court has not jurisdiction of the parties or the subject-matter. It is a matter of defense.

The testimony in this case shows that the respondent resided in the county of Westchester at the time this proceeding was commenced and that he had resided therein for several years past; that up to the year 1934 when the action for a separation was instituted in the Supreme Court of the State of New York, Westchester county, the petitioner also was a resident of that county.

Ordinarily the domicile of the husband is the domicile of the wife and also that of their children. By a decree of the Supreme Court, the situation in this instance was changed. The petitioner has been separated by judicial decree from her husband. His domicile is no longer hers. The domicile of the children is as in the decree provided for.

The petitioner has established a residence in the city and county of New York. The court would have jurisdiction in this matter if the respondent also were domiciled therein; or if he had been found in the city at the time of the filing of the petition for support; or if he had, prior to such time and while residing and being domiciled in the city, failed to furnish support for his wife and children, or had abandoned them and thereafter failed to furnish support for the petitioner and her child.

In the case of *Young* v. *Young* (154 Misc. 713) this court said:

" The petitioner is a resident of the city of New York; the respondent is not so. Subdivision (b) of section 103 must be read together with the whole section and must be so construed. The section provides that the respondent must be found in the city at the time of the filing of the petition and that the petitioner be a resident of the city of New York whether or no the respondent is so a resident. The statute is definite and conclusive.

" Subdivision (c) of section 103 is not applicable, since the proof shows that the respondent never resided in the city of New York and so could not have failed to furnish support to the petitioner.

" Where the court has jurisdiction the process of the court would reach a respondent or a petitioner in any county of the State in like manner and with the same force and effect as the

mandates of County Courts as provided by the Civil Practice Act. It is evident, however, from a reading of the act that the court must first have jurisdiction before its process can reach a party to a proceeding in a county outside of the city of New York.

" Section 103 of the Domestic Relations Court Act has not been as yet construed. It is my conclusion that the respondent never having been domiciled and never having abandoned his wife in the city of New York and not having been found within the city at the time of the filing of the petition, the court has not obtained jurisdiction."

The facts in the case before me are practically identical with the facts as they existed in the *Young* case except that in that case no child was involved. Does the fact that there is a child involved here confer jurisdiction upon the court regardless of the required residential jurisdiction under section 103 of the Domestic Relations Court Act? I think not. The section is specific and before this court is clothed with jurisdiction, one or the other of the three prerequisites must be found to exist as a matter of fact. No doubt the court would have the power to order a respondent to make provision for his child even though the child is outside of its jurisdiction for the moment. The domicile of the person standing *in loco parentis* would determine whether the court had jurisdiction in such a case and if the person standing *in loco parentis* to the child were a resident or domiciled within the jurisdiction of the court, the domicile and residence of the child would be deemed to be that of the person standing *in loco parentis* and, hence, the court would have jurisdiction to provide for the support of the child through that person.

This case presents a situation with which the justices of the Domestic Relations Court are often confronted. Not infrequently orders issuing out of the Supreme Court for the support of a wife and/or children are sought to be enforced through the Domestic Relations Court.

Section 137 of the Domestic Relations Court Act provides: " Where a divorce, separation or annulment has been granted to the petitioner by the Supreme Court or a suit for such relief is pending, and the respondent has been required under the terms of any order or decree entered in such separation, divorce or annulment proceeding to pay a specified sum to the petitioner or her children as alimony or maintenance and has failed to do so, that fact shall not be a bar to a proceeding in the Family Court to compel support within the limits of the order of the Supreme Court as set

forth by section ninety-two of this act, provided that the respondent is not in jail for failure to obey the order of the Supreme Court."

The theory in back of this section is that when a wife or children are or are likely to become a public charge, an order may be made requiring the person chargeable with their support to support them. That creates anomalous situations. Duplicity of suits and a double forum is used.

Petitioners will obtain orders requiring their spouses to support them and their children in the Domestic Relations Court and then, after a careful investigation is made and an order entered requiring the respondent to contribute to the support of his dependents commensurate with his earnings, an action will be commenced by a petitioner in the Supreme Court for a separation and in that action application is made by the petitioner in this court and the plaintiff in the Supreme Court for alimony and counsel fee. The availability of two forums in which practically the same relief can be simultaneously sought creates a condition which might inadvertently be productive of injustice.

One can readily understand an application made pursuant to section 137 of the Domestic Relations Court Act to facilitate the obtaining of a modicum of provision for dependents within the compass of the decree issuing out of the Supreme Court, but it is quite difficult to understand the duplication of claim for support after an order has already been entered in the Domestic Relations Court requiring a spouse to provide for his dependent wife and children.

The testimony submitted on behalf of the respondent was admitted by me subject to proof that the court has jurisdiction. This testimony, therefore, was received without prejudice to the respondent's legal rights. Proof in this case is that the respondent is not a resident of the city of New York nor was he found in the city of New York at the time of the filing of the petition, nor is there any proof that while he was domiciled in the city of New York he failed to furnish support for his wife and children.

Petition dismissed.