ASHELYN ALEXANDER, on Behalf of WILLIE ROBINSON, Petitioner, *v.* SANDY ROBINSON, Respondent.

Domestic Relations Court of the City of New York, Family Court, New York County, June 11, 1948.

No appearances.

PANKEN, J. As this matter comes on to be heard before me I question seriously whether this court has jurisdiction as same may affect Willie Robinson, for whom a petition is presented. It appears from the petition as well as in an affidavit submitted and sworn to in April, 1948, that Willie Robinson is now resident in the State of North Carolina. The petition itself is made on her behalf and is entitled Ashelyn Alexander, sister, on behalf of Willie Robinson, et al., against Sandy Robinson.

Section 103 of the Domestic Relations Court Act of the City of New York controls insofar as the jurisdiction of the court is concerned. Under paragraph (a) of subdivision 1 of the above-mentioned section, the court has jurisdiction when " he or she [respondent] is residing or domiciled in the city at the time of the filing of the petition for support ". The respondent

is domiciled in the city. Under paragraph (b) it is provided that the court obtains jurisdiction if " he or she [respondent] is not residing or domiciled in the city but is found therein, provided that the petitioner is so residing or domiciled at the time of the filing of the petition for support and is so residing or domiciled at the time of the issuance of the summons or warrant ". Respondent's wife is resident in the State of North Carolina and was so residing at the time of the filing of the petition and the issuance of the summons in pursuance thereto. (See *Young* v. *Young*, 154 Misc. 713.)

Under the Domestic Relations Court Act establishing this court a person other than the possible beneficiary of an order made and entered by this court may present a petition on behalf of a prospective beneficiary if the person for whom the petition is made is unable to attend court by reason of illness or other physical incapacity. Nowhere in the act is it provided that any person may make a petition on behalf of another who is not resident within the State and who in fact is domiciled in a sister State and so is not in personam within the jurisdiction of this court.

I am not aware of any provision of law either applicable in the Domestic Relations Court of the City of New York or in any other court of our State which would permit a person to sue on behalf of another person without an assignment of the interest upon which suit is brought to the person suing. Under such circumstances, the person suing would be the one who has the real interest by reason of it having been assigned to him and so entitled him to the rights which such assignment of interest may confer upon him. Under our law, one may assign his right, title, and interest in a claim to another for a consideration, and the person who parts with the consideration then acquires the right, title and interest to the claim, and is by reason thereof invested with the capacity to sue in his own name to enforce the right under the assigned claim.

It would be stretching the law to its limit, beyond its limit, to enable a person to assign a claim against one's spouse for maintenance and support *in futuro,* arising from a conventional marital relationship. The rights accruing to a spouse because of the conventional marital relationship, which charged the husband with support, are personal. Indeed, they flow from the intimate relationship, and are provided for by statute. It is not an assignable claim. Where the right to support by a wife from her husband is reduced to a money judgment, it is

within the realm of possibility that such money judgment is assignable to another.

It appears that there is also a child involved on this petition. The law is rooted in common sense, that common sense which has moral sanction. A parent is chargeable with the support of his child. Under our statute that obligation is primary. And the obligation rests upon the parent whether the child is within or outside of the jurisdiction of this court. A father is required to provide ample support and maintenance for his child or children if able to so do. Whether a petition can be made on behalf of a child by a stranger against the father or the mother chargeable with the support of a child (a mother is secondarily liable for the support of a child) is not in issue in this proceeding. Parenthetically I should say that such a petition may be made by one other than the mother or one who stands in *loco parentis* to the child if the child is in need and the parent is in a position to provide and meet that need. I should so find in this case and sustain the petition insofar as the child is concerned. The court, however, is not called upon to pass on this question of law since the respondent, the father of the child has under oath recognized his liability for the support and maintenance of his child as the law requires.

The court may or may not assume jurisdiction in a situation of this character since the child is outside of the jurisdiction of the city. (See " *Almandares* " v. " *Almandares* ", 186 Misc. 667, decided by my esteemed colleague, DUDLEY F. SICHER.)

The respondent's recognition of his responsibility to his child reflects manhood and a high sense of moral obligation, and is in response to a very decent sentiment, parental in character. Order is made in consonance with the voluntary offer of the respondent. The Support Bureau of the court is directed to transmit to the mother in North Carolina each sum paid by the father to the Support Bureau in compliance with the order as made.

Insofar as the petitioner's claim for support on behalf of the mother of the child for the support of the mother, the wife of the respondent, the real party in interest, the petition is dismissed without prejudice to her rights before the court. She may under the law present a petition in accord with the provisions of section 103 of the Domestic Relations Court Act.