Edward J. McLaughlin, J.
This is a hearing pursuant to section 451 of the Family Court Act to determine the propriety of permitting the present parties before this court to continue to litigate an action to modify a support order. The hearing exemplifies a recurring problem in which the Commissioner of Social Services attempts to bypass the procedural requirements of the Family Court Act by appearing in an action to which he is not a party.
This action was initially commenced in 1968 when the former wife of the respondent filed a verified petition against him to enforce a support order contained in a separation agreement which was incorporated but not merged in a Mexi *519 can court divorce decree. The former wife was successful in that action, and in November of 1968, the respondent was ordered to pay to the wife $55 per week for the support of herself and three children.
The present action was commenced in March of 1975, by a verified petition seeking to modify that support order. The petition was captioned with the name of the former wife as petitioner and the former husband as respondent. It prayed that the 1968 order be modified in such a manner that $18.50 be redirected each week from the former wife to the Onondaga County Department of Social Services. The modification was based upon the ground that the Department of Social Services was presently paying the cost of foster care placement for one of the children. The petition to modify was not signed by the former wife, but was signed and verified by the Commissioner of Social Services.
At the initial hearing on the petition, the commissioner, through his counsel, and the former wife were present, while the respondent was not present. However, through a letter received by the court, the respondent stated that he had no objection to the requested modification, since it merely transferred a portion of his support payment from one payee to another without increasing his obligation. The former wife objected to the modification, while the commissioner’s attorney, ostensibly present to represent the former wife, demanded that the petition to modify be heard. The court assigned counsel to represent her, adjourning the matter for a fact-finding hearing on the single procedural issue of whether an action could be maintained, given the present party alignment.
At the hearing, the assigned counsel did not appear. The former wife continued to object to the modification and stated that the petition was not filed at her request. The commissioner asserted that it was his petition, and, therefore, she had no standing to object to it. The commissioner maintained that he was, in fact, the petitioner, since he was paying for foster care placement, thereby entitling him to a share of the support payment as a partial reimbursement of his costs of maintenance for the child.
The issue is whether the commissioner can initiate a petition to modify a support order where he is not an original party to the action, and then proceed to litigate the issue of modification against the wishes of the person whose name *520 appears as petitioner on the support order sought to be modified.
An action must generally be prosecuted by a real party in interest. The real party in interest is the party who, by substantive law, possesses the right sought to be enforced. The test is whether the plaintiff has a beneficial interest in the cause of action, so that recovery by him will protect the defendant from the claim of third persons. (O’Sullivan v Jarach-Guetta Ind. Overseas Co., 194 Misc 534.)
In the present case, the real party in interest is the commissioner. His interest derives from subdivision 1 of section 102 of the Social Services Law which empowers him to bring proceedings "to compel any person liable by law for support to contribute to the support of any person cared for at public expense”. Only if the commissioner were the petitioner, would a judgment in his favor protect the respondent from another claim being filed against him, arising out of the same cause of action, i.e., the support of the child now in foster care.
However, the petitioner is not the commissioner. As the petition reads, the petitioner is either the Department of Social Services on behalf of the former wife or the former wife herself. In either case, this action will not be allowed to continue.
The commissioner is not entitled to file a petition for a modification of the order of support on behalf of the former wife. Subdivision a of section 422 of the Family Court Act provides that if the petitioner is a child, or is an adult physically or mentally unable to file a petition, then a representative of that person may file on his behalf. The former wife is, however, a fully competent adult. More importantly, even if the commissioner could have statutorily filed on her behalf, there is a conflict of interest, since both the former wife and the commissioner are contesting the apportionment of the support payments. This conflict would preclude the filing of such a petition. The only other way that the commissioner would be able to file on her behalf is as an assignee of her interest. Not only is there no evidence of an assignment, but "it would be stretching the law to its limit, beyond its limit, to enable a person to assign a claim for maintenance and support * * * The rights are personal, and not an assignable claim”. (Alexander v Robinson 191 Misc 1059.)
Alternatively, if the court were to conclude that the former wife were the petitioner, since her name appeared in the heading of the petition, we would discontinue the petition to *521 modify. While CPLR 3217 provides for a voluntary discontinuance upon the petitioner’s request, this court on its own motion would grant such a discontinuance even though the former wife has not formally moved it to do so. Authority for this proposition is found in Aridas v City of New York (75 NYS2d 601), where the court had before it a similar question involving a tort action. The injured party and her father were coplaintiffs. During the trial, the daughter denied the allegations of the petition as they related to one of the codefendants. Despite her protestations, her father’s attorney continued to pursue the case, and the jury found for both coplaintiffs against both codefendants. In setting aside the verdict, the court said (pp 603-604): "It doesn’t seem legally possible, therefore, for a jury to say that nevertheless she must have a verdict against someone she doesn’t want to sue, holding him liable for the things she says he did not do, and charging him for the negligence that she says was entirely absent * * * no one can be made to sue another unwillingly.” (Emphasis added.)
For similar reasons, subdivision 3 of section 102 of the Social Services Law, which empowers the commissioner to "defend in any court all matters relating to the support of persons at public expense” is inapplicable. While the commissioner may in certain instances defend a respondent, or intervene on the behalf of a petitioner, he may not institute a proceeding through a petitioner and then "defend” her against her will.
We hold that the commissioner may not file a petition for a modification of support on behalf of the former wife, nor can he force her to file one unwillingly. He is the real party in interest; he must file his own petition. The court suggests that the commissioner file a new petition joining the former wife and husband as respondents, so that pursuant to section 414 of the Family Court Act, "the court may apportion the costs of the support of the child between the parents according to their respective means and responsibilities”.