■ In the Matter of ROBERT T. ROGERS, Appellant, v WATER COMMISSIONERS OF THE TOWN OF WATERFORD et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered February 16, 1977 in Saratoga County, which dismissed, on an objection in point of law, petitioner's application in a proceeding pursuant to CPLR article 78. Petitioner, until October 18, 1976, was employed by the Water Commissioners of the Town of Waterford, a corporation created by special act (L 1912, ch 391). He alleges that he held the position of "Grade II A Operator of Public Water Treatment and Purification Plants". He was dismissed from his employment and contends that the failure of the respondents to afford him notice of charges and a hearing prior to his dismissal pursuant to section 75 of the Civil Service Law entitles him to reinstatment with back pay. The court at Special Term dismissed the petition on the ground of a failure to allege that petitioner, a veteran, was the holder of "a position by permanent appointment or employment in the classified service" (Civil Service Law, § 75, subd 1, par [b]). Special Term was correct in finding the allegations of the petition insufficient in the manner stated, but petitioner contends, *inter alia,* that he should be allowed to amend his petition to supply the necessary allegations. Were the deficiencies in the petition simply matters of inadvertent omissions of matters of a technical nature, it might be appropriate to grant the requested relief. However, petitioner has failed to show that facts which he would allege would entitle him to relief. In his brief, he urges that he is employed in the classified service by a process of elimination wherein he demonstrates that his position was not included within the unclassified service. The defects in petitioner's reasoning are apparent. He further contends that his position was included in the Civil Service since the position of "Water Treatment Plant Operator" is listed in 4 NYCRR 2.2 [c], Appendix 2 of the Rules and Regulations of the Civil Service Law which set forth a list of noncompetitive class positions in State service. This contention must also be rejected since it is clear that petitioner was not a State employee. In setting up the Civil Service system, the Legislature in section 75 described those types of governmental bodies whose employees were to be entitled to the protection of the Civil Service Law. The phrase "any public or special district, or * * * any authority, commission or board" of cities, counties, towns or villages, while broad in its scope does not include a public benefit corporation such as the Water Commissioners of the Town of Waterford (see 1951 Opns Atty Gen 152; 1929 Opns Atty Gen 223) and there

is no other statutory authority, either in the enactment establishing the respondent corporation or elsewhere, affording to its employees the benefits of the Civil Service system. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.