■ BLUE GRASS PARTNERS et al., Respondents, v BRUNS, NORDEMAN, REA & Co. et al., Appellants.—Order, Supreme Court, New York County, entered January 19, 1979, unanimously affirmed, with costs. The sole issue on this appeal is whether this court should consider new issues not raised or considered at Special Term. Defendants moved to dismiss three causes of action in a complaint against the brokerage underwriting partnership of Bruns, Nordeman, Rea & Co. (Bruns) and 16 of its general partners. Plaintiffs Blue Grass Partners (Blue Grass), a limited partnership; American

Agri Management Corporation (Agri), the only general partner in Blue Grass; Thomas A. Martin (Martin), board chairman and shareholder of Agri and limited partner in Blue Grass; and Jack Orben (Orben), a director of Agri, allege that Agri and Blue Grass entered into an underwriting agreement with Bruns in which Bruns undertook to use its best efforts to offer and sell limited partnership interests in Blue Grass. The offering provided that unless a stated minimum subscription was achieved on or before November 23, 1977, all payments for any subscriptions that had been sold would be returned to the purchasers. The required subscriptions were not obtained within the allotted time. Plaintiffs are suing for damages allegedly incurred as a result of the unsuccessful offering. In their first cause of action plaintiffs allege that because Bruns undertook to and acted as underwriter, Bruns incurred a "fiduciary duty to plaintiffs" which was violated when Bruns "failed and neglected to perform their said fiduciary duties in connection with the offering in accordance with minimal standards of competence" and "failed and neglected to use their best efforts to sell and promote the sale of limited partnership interests in Blue Grass, and instead have performed their functions as brokers and/or underwriters with gross negligence and indifference to their duties." Defendants moved to dismiss the first cause of action for failure to state a cause of action on the ground that defendants "could not have breached a fiduciary duty to plaintiffs because an underwriter, in a best efforts underwriting, owes no fiduciary duty to an issuer", and that plaintiffs failed to describe any conduct constituting breach of a fiduciary duty, and failed "to allege the breach of any recognized fiduciary duty." Special Term held that an underwriting contract does not create a fiduciary duty between the underwriter and the issuer and ruled that none of the allegations of the complaint showed that the conduct of which plaintiffs complaint violated an obligation of undivided loyalty or consisted of any abuse of confidentiality that might be actionable. Despite the failure to state a claim for breach of a fiduciary duty, Special Term sustained the first cause of action as alleging negligence in the performance of underwriting duties on the principle that one who contracts to perform such service is charged with the obligation of exercising reasonable skill and care in carrying out his performance. Special Term stated, "Thus, negligence in breaching a contract can provide parties to the contract with causes of action in both contract and tort." Special Term further ruled that with respect to the individual plaintiffs Martin and Orben, the complaint was sufficient to state a cause of action in negligence on their behalf subject to proof that they were among those owed the duty of reasonably careful and skillful performance which could only be determined by further elucidation of the parties' respective roles in the transaction. Accordingly, Special Term denied the motion to dismiss the first cause of action brought on behalf of Martin and Orben without prejudice to pleading as a defense in the answer that no duty was owed to them, or, if owed, was not breached and without prejudice to a motion for summary judgment. Special Term also denied the motion to dismiss the second and third causes of action. Defendants' notice of appeal specifies that it is from each and every part of Special Term's order. However, plaintiffs state in their brief that they have withdrawn their third cause of action and defendants in their brief state they are pursuing their appeal only from so much of the order as denies their motion to dismiss so much of the first cause of action as is pleaded on behalf of Martin and Orben. Thus, on this appeal, as limited by their briefs, the parties have agreed that the only issue is whether the first cause of action on behalf of Martin and Orben should have been dismissed. Although

they raised no such issue at Special Term, defendants now argue that even if a cause of action is stated on behalf of Martin and Orben as individuals, their complaint must be dismissed because the damages they seek are not legally cognizable. The damages alleged are (1) the reasonable value of the time and effort expended by Martin and Orben in planning and organizing the venture; (2) the damage to their business reputation; (3) the emotional pain and suffering sustained by them by reason of the failure of the venture caused by the alleged "wrongdoing of defendants". No such issues were raised or considered at Special Term where the only issue was whether there was a fiduciary duty and whether the alleged failure of Bruns to use its best efforts caused the individual plaintiffs to sustain any damage by reason of such a breach. In their brief defendants concede: "In view of the disposition of Bruns' motion by the Court below, it would not be fruitful at this time to pursue the legal arguments presented in support of Bruns' motion to dismiss the First and Third Causes of Action on behalf of Martin and Orben on precisely the same basis as argued below. Accordingly, the legal theories relied on in the Court below will not be presented on this appeal." Since the contentions now relied upon were neither urged upon Special Term nor considered by it, we have concluded that there should be an affirmance on the limited ground that the issues raised on appeal were not tendered to Special Term. We do not pass upon the merits. Although it is appropriate for an appellate court to consider new arguments going to the merits when an adequate record is presented, the record before us is insufficient. As noted, the issue tendered to Special Term was whether a fiduciary relationship existed between plaintiffs and defendants. The questions now sought to be raised on appeal are whether defendants are liable to the individual plaintiffs in contract or tort for the kinds of damages alleged in the complaint. We consider it premature to pass upon such questions on this record. We adhere to the rule that an appellant ordinarily will be precluded from raising on appeal an issue not raised at Special Term (Berger v Fete Cab Corp., 57 AD2d 784; Matter of Angel Fabrics [Cravat Pierre], 51 AD2d 951, mot for lv to app den 39 NY2d 711). Concur—Fein, J. P., Sullivan, Lupiano, Silverman and Bloom, JJ.