■ NATHAN P. JACOBS et al., Respondents, v FACILITIES DEVELOPMENT CORPORATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered April 6, 1981 in Albany County, which denied defendant's motion to dismiss the complaint. This action was brought to recover unpaid rent allegedly due for occupancy of plaintiffs' properties in Sands Point and Far Rockaway, New York. The complaint alleges the following: defendant is a public benefit corporation, created to provide facilities for the care and treatment of the mentally disabled, with all the powers and duties granted to it pursuant to the provisions of the Facilities Development Corporation Act (L 1968, ch 359, § 1, as amd). In the spring of 1979, plaintiffs and defendant began negotiations concerning rental of the subject properties for use as mental hygiene facilities and then, pending negotiation and execution of more formal leases, entered into agreements for month-to-month tenancies at stated rentals, beginning June 1, 1979, with respect to the Sands Point property and July 15, 1979, with respect to the Far Rockaway property. Defendant entered into possession of the properties in accordance with the agreements and continued occupancy until December, 1979, when it canceled the agreements but refused to pay the rents due. Before answering the complaint, defendant moved to dismiss on the grounds that the Supreme Court lacks jurisdiction and that the complaint fails to state a cause of action (CPLR 3211, subd [a], pars 2, 7). Its supporting papers disclose that the underlying basis for the motion is that defendant, at all times during the negotiations between the parties, was acting as the statutory agent of a disclosed principal, the State Office of Mental Retardation and Developmental Disabilities (OMRDD), for the purpose of leasing facilities where mental hygiene services would be provided. Such statutory agency, according to defendant, was created under subdivision (c) of section 13.11 of the Mental Hygiene Law, which authorizes the commissioner to lease space or facilities for services for the mentally retarded and further provides that "[h]e may delegate this authority to the facilities development corporation". Defendant argues that, therefore, under familiar principles of the law of agency, the real party in interest in this action is defendant's principal, OMRDD, which as a unit of State government can only be sued in the Court of Claims. Contrary to defendant's contentions, its authority to act with respect to providing mental hygiene facilities is not exclusively derived from the foregoing provision of the Mental Hygiene Law, but from the legislation which created it. Under the Facilities Development Corporation Act, defendant's role in acquiring facilities may be significantly broader than merely exercising responsibility delegated to it by the Commissioner of Mental Hygiene. Thus, in that statute's statement of legislative findings and purposes it is declared: "[T]hat while responsibility for the professional care, maintenance and treatment of the mentally disabled at all mental facilities should continue in the department of mental hygiene, exclu-

sive possession, jurisdiction, *control and supervision of the physical facilities used therefor should be vested in the corporation in order to facilitate the exercise of its powers"* (emphasis added) (Facilities Development Corporation Act, § 2). Under its general powers and duties (§ 5) defendant may possess, hold, use and improve real and personal property acquired by it for mental hygiene facilities, "[s]ubject to the terms and conditions of any lease, sublease or other agreement with the [appropriate commissioner of the department]" (subd 7). It is given the right to purchase or lease personal property for such facilities and to "transfer, sublease or otherwise make such personal property available to the department of mental hygiene" (subd 9). It may also make an acquired facility available to a voluntary agency for use in providing community mental health services under license or permit (subd 13-a). Finally, among the purposes of defendant (§ 6) is that of assuring "exclusive possession, jurisdiction, control and supervision" over mental hygiene facilities and to make such facilities "available to the [appropriate] commissioner [of the department]" (subd 3). All of the foregoing provisions bespeak a power and authority on the part of defendant to act on its own behalf in acquiring and developing mental hygiene facilities, rather than merely as an agent of OMRDD. As such, defendant would properly be the real party in interest in this action. Moreover, to accept defendant's theory that all actions arising out of defendant's transactions must be brought in the Court of Claims against the State department on whose behalf it acted would render meaningless the provision of subdivision 1 of section 12 of the Act, vesting exclusive jurisdiction of any action brought by or against the corporation in the Supreme Court. Thus, Special Term correctly determined that defendant is amenable to suit in the Supreme Court and that plaintiffs are not precluded from bringing the action against it on the basis that defendant is the statutory agent of an office of State government. Apart from any statutory agency, plaintiffs' opposing papers on the motion are amply sufficient to raise issues of fact as to whether, in the transactions with plaintiffs, defendant was acting as an agent or on its own behalf and whether, if only an agent, that fact was made known to plaintiffs (*Bakerian v Horn,* 21 AD2d 714; *Weidman v Klot,* 11 AD2d 641, mot for lv to app den 8 NY2d 710). Finally, defendant raises on appeal the defense that any agreements between it and plaintiffs are unenforceable because approval of the Comptroller was not obtained as required under section 112 of the State Finance Law. Since defendant failed to raise this issue before Special Term, we decline to entertain consideration thereof on appeal (*Blue Grass Partners v Bruns, Nordeman, Rea & Co.,* 75 AD2d 791; *Matter of Belgrave v Ward,* 72 AD2d 898). We note, however, that in various other contexts, other public benefit corporations have been held not to be subject to similar statutory limitations or mandates imposed on units of State government (see *Grace & Co. v State Univ. Constr. Fund,* 44 NY2d 84; *Matter of New York Post Corp. v Moses,* 10 NY2d 199; *Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth.,* 5 NY2d 420). For the foregoing reasons, the order of Special Term denying defendant's motion to dismiss the complaint should be affirmed. Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.