■ In the Matter of MICHAEL RAZZANO, Appellant, v JOSEPH F. CROOK, as Executive Director of the Facilities Development Corporation of the State of New York, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered April 26, 1983 in Albany County, which

dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Facilities Development Corporation terminating petitioner's employment status without a hearing. ¶ At issue on this appeal is whether petitioner, as an employee of the Facilities Development Corporation, a public benefit corporation, was entitled to the protection of section 75 of the Civil Service Law. We agree with Special Term that petitioner was not covered by section 75 of the Civil Service Law. ¶ The statute at issue proscribes removal or other disciplinary action against certain employees, except for incompetency or misconduct shown after a hearing (Civil Service Law, § 75, subd 1). The statute contains four specific categories of employees entitled to protection, and petitioner claims that he is covered by section 75 (subd 1, par [b]), which refers to persons: "holding a position by permanent appointment or employment in the classified service of the state or in the several cities, counties, towns, or villages thereof, or in any other political or civil division of the state or of a municipality, or in the public school service, or in any public or special district, or in the service of any authority, commission or board, or in any other branch of public service, who is an honorable [*sic*] discharged member of the armed services of the United States having served therein as such member in time of war". ¶ Petitioner concedes that he is not a "civil service employee" in the classified service of the State or its political subdivisions, but contends that he is included among those protected by section 75 since his position with the Facilities Development Corporation constituted "employment * * * in any other branch of public service". This court has previously held that employees of a public benefit corporation are not protected by the provisions of section 75 of the Civil Service Law (*Matter of Rogers v Water Comrs.*, 58 AD2d 728), and we see no reason to reach a different result here. The Facilities Development Corporation was created by the Facilities Development Corporation Act (L 1968, ch 359), which expressly authorizes the corporation to "appoint such officers, employees and agents as it may deem advisable and * * * prescribe their duties and fix their compensation" (L 1968, ch 359, § 1). As noted by Special Term, the Court of Appeals, in describing the nature of the State University Construction Fund, a public benefit corporation with virtually identical authority to appoint employees at will (Education Law, § 371, subd 9), recognized that the corporation "hires and compensates its own personnel outside of the civil service system" (*Grace & Co. v State Univ. Constr. Fund*, 44 NY2d 84, 89-90). ¶ Accordingly, Special Term properly concluded that petitioner was not entitled to civil service protection, and its judgment dismissing the petition must be affirmed. ¶ Judgment affirmed, without costs. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.