■ In the Matter of SOL BRAUNER, Petitioner, v EDWARD V. REGAN, as New York State Comptroller, Respondent. — Yesawich, Jr., J.

Due to budget constraints, petitioner, whose employment by the State Facilities Development Corporation (hereinafter FDC) had commenced in 1971, was terminated on April 6, 1983. Petitioner made an application for retirement to the State Employees' Retirement System, in which the FDC was a participating employer. Upon being apprised by the Retirement System that he was not an employee of the State and, therefore, ineligible for the additional three-year service credit offered such employees pursuant to the Retirement and Social Security Law under the Laws of 1983 (ch 17), the "Retirement Incentive Program for State Employees", he sought and obtained a hearing and redetermination of that decision. Following a hearing officer's confirmation of the Retirement System's determination, this proceeding to challenge that determination ensued.

Though petitioner contends that his position as a senior purchasing agent with the FDC, a public benefit corporation, ren-

dered him a State employee and thus entitled to additional service credit, whether he is indeed such depends upon the "nature of the instrumentality and the statute claimed to be applicable to it" (*Grace & Co. v State Univ. Constr. Fund,* 44 NY2d 84, 88). In the past, when this inquiry has been made of the FDC, there have been contexts in which the FDC has been viewed as not being a State agency (*Jacobs v Facilities Dev. Corp.,* 89 AD2d 752) and its employees as being beyond the reach of the Civil Service Law (*Matter of Razzano v Crook,* 101 AD2d 625). Illustrative of this separateness of the FDC and the State is the right of the FDC to appoint its own officers, employees and agents (McKinney's Uncons Laws of NY § 4404 [9]; L 1968, ch 359) and the need for specific legislation to provide reimbursement to FDC employees for legal defense costs incurred as a result of their employment (McKinney's Uncons Laws of NY § 4412 [4]; L 1968, ch 359) in order that "members of the FDC should receive the same protection afforded state employees" (Budget Report on Departmental Legislation, June 29, 1983, Governor's Bill Jacket, L 1983, ch 697). The mere fact then that the FDC is an instrumentality of the State engaged in governmental activities does not necessarily dictate that it is the State or one of its agencies for the purposes of the retirement incentive program.

With respect to the Retirement and Social Security Law, there is no question that the FDC is a "participating employer", that its predecessor filed a resolution as required by Retirement and Social Security Law § 31 electing to participate in the State Employees' Retirement System, and further that the Retirement and Social Security Law consistently differentiates between State employees and employees of participating employers (*compare, e.g.,* Retirement and Social Security Law § 16 [annual appropriation by State] *with* Retirement and Social Security Law §§ 17 [annual appropriation by participating employers], 60-a [guaranteed ordinary death benefit payable upon death of State employees], 60-b [guaranteed ordinary death benefit for participating employers]; *see also,* Retirement and Social Security Law §§ 75-a, 75-b, 75-d, 75-e, 75-f, 75-g, 75-h, 75-i). Retirement and Social Security Law § 33 also points up the distinction, for only by resolution may a participating employer, whether it be one of the 2,600 local governments or other employers which participate in the State Employees' Retirement System, "elect to provide *for its own employees* the benefit provided for persons *in the employ of the state*" (Retirement and Social Security Law § 33; emphasis supplied). Moreover, the statute's definition of "member service" distinguishes service performed in the employ of the State from that rendered in the

employ of a participating employer (Retirement and Social Security Law § 2 [17]). Accordingly, respondent's decision denying petitioner's application for additional service credit and limiting availability of the Laws of 1983 (ch 17) to State employees only, as that term has repeatedly and consistently been understood in the Retirement and Social Security Law, was both rational and supported by substantial evidence.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.