M. KRAMER & SONS, INC., Respondent, v FACILITIES DEVELOPMENT CORPORATION, Appellant.

Third Department, November 21, 1985

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Peter J. Dooley* and *William J. Kogan* of counsel), for appellant.

*DeGraff, Foy, Conway, Holt-Harris & Mealey (James E. Kelly* of counsel), for respondent.

**OPINION OF THE COURT**

MAIN, J. P.

Plaintiff entered into a contract with defendant in August 1976 whereunder plaintiff was to perform heating, air-conditioning and ventilation work at the Downstate Reception Center in the Town of Fishkill, Dutchess County. In November

1983, defendant gave final approval to work done under the contract and notified plaintiff of such approval in January 1984. In February 1984, defendant mailed to plaintiff final payment in the form of a check, which plaintiff apparently accepted and cashed.

On March 12, 1984, plaintiff filed a statement of claim alleging that defendant had caused or permitted delays in and interferences with plaintiff's work, thereby increasing plaintiff's costs related to the project. On September 10, 1984, plaintiff initiated this action seeking damages for the additional costs that it had incurred. In response, defendant moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that plaintiff had failed to commence its action within the six-month period following its mailing of the final payment. Defendant contended that such institution of suit was required by both State Finance Law § 145 and the construction contract entered into by the parties. Defendant further argued that plaintiff's action had not been commenced within the six-year Statute of Limitations period governing contract claims (CPLR 213). Finding, *inter alia,* that State Finance Law § 145 did not apply to defendant, Special Term denied defendant's motion.

State Finance Law § 145, which applies only to construction contracts awarded by State departments and agencies, mandates that actions based upon such contracts be "filed within six months after the mailing of the final payment" by the State department or agency. Here, it is clear that plaintiff did not commence this action until more than seven months after the mailing of the final contract payment.

Plaintiff successfully argued at Special Term that State Finance Law § 145 does not apply to defendant, a public benefit corporation (*see,* McKinney's Uncons Laws of NY § 4402 [Facilities Development Corporation Act § 2; L 1968, ch 359, § 1, as amended]). We agree. In determining whether defendant is subject to State Finance Law § 145, a "particularized inquiry into the nature" of both defendant and the statute must be made (*Grace & Co. v State Univ. Constr. Fund,* 44 NY2d 84, 88; *see, MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth.,* 104 AD2d 139, 141).

Such an inquiry into defendant's distinctive characteristics reveals that defendant "was created, *inter alia,* in order to function with a freedom and flexibility not permitted the State and its ordinary executive components" (*MacFarland-*

*Breakell Bldg. Corp. v New York State Thruway Auth., supra,* p 142; *see,* McKinney's Uncons Laws of NY § 4402 [Facilities Development Corporation Act § 2; L 1968, ch 359, § 1, as amended]). For example, defendant's powers in acquiring physical facilities are broader than those delegated to it by the Commissioner of Mental Hygiene *(see, Jacobs v Facilities Dev. Corp.,* 89 AD2d 752), and it has greater discretion than do State agencies in awarding contracts *(see,* McKinney's Uncons Laws of NY § 4408 [2] [d] [Facilities Development Corporation Act § 8 (2) (d); L 1968, ch 359, § 1, as amended]). Moreover, defendant's employees are not protected by the provisions of the Civil Service Law *(see, Matter of Razzano v Crook,* 101 AD2d 625, 626). Additionally, defendant's contracts are subject to approval by the State Comptroller under McKinney's Unconsolidated Laws of NY § 4409 (2) (g) (iv) (Facilities Development Corporation Act § 9 [2] [g] [iv]; L 1968, ch 359, § 1, as amended), which provision "would be surplusage if [defendant's] contracts and those of the State and its agencies were identical" *(Grace & Co. v State Univ. Constr. Fund, supra,* p 89; *see,* State Finance Law § 112 [2]).

All of the foregoing is supported by the view that "article IX of the State Finance Law (which includes section 145) does not at all apply to separate public benefit corporations" such as defendant *(MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth., supra,* p 142, citing Spatz, Introduction to the State Finance Law, McKinney's Cons Laws of NY, Book 55, pp XIII-XIV).

Our conclusion that State Finance Law § 145 and the time limitations contained therein are inapplicable to defendant is made "in the absence of a clear indication of contrary legislative intent" *(MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth., supra,* p 142) and with full recognition of the fact that defendant has no authority to borrow funds or issue bonds on its own *(see,* McKinney's Uncons Laws of NY § 4405 [Facilities Development Corporation Act § 5; L 1968, ch 359, § 1, as amended]), since the absence of such a power is not fatal to a finding that defendant is not a State agency *(see, Grace & Co. v State Univ. Constr. Fund, supra* [wherein the State University Construction Fund, a public benefit corporation, was found not to be a State agency for purposes of L 1974, chs 944, 945]; Education Law § 373 [which grants the State University Construction Fund its powers and does *not* confer upon the Fund the authority to independently borrow funds or issue bonds]).

■ As for defendant's argument that a provision of the contract between the parties represented an agreement to shorten the applicable Statute of Limitations, we note only that since this precise issue was not raised before Special Term, it has not been preserved for appellate review *(see, Mastronardi v Mitchell,* 109 AD2d 825, 828). Similarly, defendant, in its brief on appeal, has failed to raise a claim of untimeliness under CPLR 213 so that, as far as this appeal is concerned, that claim has been abandoned *(see, Matter of Smith,* 91 AD2d 789).

Of course, defendant will be free to assert these arguments in its answer as affirmative defenses to plaintiff's action, if it is so inclined.

CASEY, YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Order affirmed, without costs.