■ NATHAN P. JACOBS et al., Respondents, v FACILITIES DEVELOPMENT CORPORATION, Appellant.—Levine, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered March 12, 1985 in Albany County, upon a decision of the court at Trial Term (Torraca, J.), without a jury.

Plaintiffs brought the instant action to recover unpaid rent allegedly due for the occupancy of two of its properties located in the Village of Sands Point, Nassau County, and the community of Far Rockaway, Queens County. In their complaint, plaintiffs alleged that they had entered into negotiations concerning the properties with defendant, Facilities Development Corporation (FDC), a public benefit corporation created to provide facilities for the care and treatment of the mentally disabled *(see,* McKinney's Uncons Laws of NY § 4402 [Facilities Development Corporation Act § 2; L 1968, ch 359, § 1, as

amended]), and that the parties had subsequently agreed upon month-to-month tenancies pending the execution of formal long-term leases. Prior to submitting its answer, FDC moved to dismiss the complaint on the grounds that it failed to state a cause of action and that Supreme Court lacked jurisdiction because, in negotiating with plaintiffs, FDC was acting as the statutory agent of the State Office of Mental Retardation and Developmental Disabilities (OMRDD) pursuant to Mental Hygiene Law § 13.11 (c). FDC claimed that OMRDD was the real party in interest and, as a unit of State government, it could only be sued in the Court of Claims. Special Term denied the motion and this court affirmed, holding that FDC had authority to act on its own behalf in acquiring and developing mental hygiene facilities and that the opposing papers raised issues of fact concerning whether FDC had acted as an agent for OMRDD or on its own behalf, and if only as an agent, whether that fact was made known to plaintiffs (89 AD2d 752, 753). At the conclusion of the subsequent trial without a jury, Trial Term found that FDC had entered into month-to-month tenancies with plaintiffs for the properties and had not disclosed that, in doing so, it was acting on behalf of OMRDD. Accordingly, the court granted judgment in favor of plaintiffs for the periods in which occupancy of the two properties was reserved to FDC, at the rates of the agreed rentals.

On appeal, FDC contends that Trial Term's determination that it did not disclose to plaintiffs that it was acting on behalf of OMRDD was against the weight of the evidence. We agree. The evidence was uncontradicted that FDC was in fact acting as OMRDD's agent in negotiating the lease agreements with plaintiffs. Trial Term did not find to the contrary. Additionally, documentary evidence as well as testimony points to the conclusion that plaintiffs knew of OMRDD's involvement with the properties and were aware of FDC's status as an agent.

Plaintiffs' agent in conducting negotiations with FDC, Irwin Cohen, signed three temporary letters of occupancy which, as found by Trial Term, constituted the lease agreements for the month-to-month tenancies upon which FDC's liability was based. The letters were written on FDC's letterhead, but contained OMRDD's name along with the address of the relevant property in the descriptive captions referring to the subject matter of the letters. Also contained therein were directions to send correspondence concerning rent to Alfred E. Fargione, expressly designated as an OMRDD employee, at OMRDD's Albany office, and a statement in one letter to the

effect that OMRDD would occupy the property. Edward Matthews, an OMRDD employee at the time, testified that Cohen had initiated contact with him concerning the properties prior to FDC's involvement, and that he had explained FDC's role as an agent for OMRDD in investigating the properties and negotiating leases. Other witnesses testified to a luncheon meeting prior to Cohen's signing of the lease agreements at which Cohen discussed OMRDD's role in the transactions with FDC and OMRDD officials.

Plaintiffs' sole witness in opposition to the foregoing was Cohen. Cohen testified that he knew that the properties would be used for the mentally disabled and that a State agency would be involved. However, he stated that he was unaware of OMRDD's involvement and did not remember that, pursuant to the lease agreements, rent requests were to be sent to OMRDD. Cohen testified on direct examination that he did not remember ever meeting Matthews. On cross-examination, Cohen admitted that he met Matthews after Cohen signed the letters of occupancy but stated that he was unaware of Matthews' affiliation with OMRDD. Cohen also testified that he had attended a luncheon meeting with several people from FDC, but that he did not remember meeting any OMRDD officials at that time.

As the foregoing demonstrates, the credible evidence supported alternative findings and inferences from those made by Trial Term. Therefore, this being a nonjury case, this court is permitted to weigh the relative probative force of conflicting testimony and the strength of conflicting inferences and, on that basis, make alternative findings (Bestway Constr. v Broome County, 107 AD2d 897, 901; D'Arienzo v Manderville, 106 AD2d 686, 688; Shipman v Words of Power Missionary Enters., 54 AD2d 1052, 1053). We would be reluctant to overturn findings of fact based purely upon the credibility of the witnesses (Arnold v State of New York, 108 AD2d 1021, 1023, appeal dismissed 65 NY2d 723; Taylor & Jennings v Bellino Bros. Constr. Co., 106 AD2d 779, 780). However, in light of the unequivocal testimonial and documentary evidence submitted by FDC, it cannot be said that Cohen's lack of memory regarding preliminary meetings with OMRDD officials and his obliviousness to the explicit references to OMRDD in the rental documents were sufficiently probative to present an issue solely of credibility for the trier of facts to resolve. Upon this record, it was against the weight of the evidence to find that FDC's status as an agent was undisclosed. Presumptively, an agent for a disclosed principal can-

not be held liable on a contract *(Sweeney v Herman Mgt.,* 85 AD2d 34, 36-37; *RKO-Stanley Warner Theatres v Plaza Pictures,* 54 AD2d 623, 624). Since there are neither findings nor proof in the record to overcome that presumption, the judgment must be reversed.

Judgment reversed, on the facts, with costs, and complaint dismissed. Main, J. P., Mikoll, Yesawich, Jr., and Levine, JJ., concur.