◼ In the Matter of LANCASTER DEVELOPMENT, INC., Appellant, v POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents.—Casey, J. Appeal from that part of a judgment of the Supreme Court (Hughes, J.), entered January 28, 1988 in Schoharie County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition for failure to state a cause of action.

In 1987 petitioner and respondent Sweet Associates, Inc. (hereinafter Sweet), together with two other companies, submitted bids on the Blenheim-Gilboa Power Project in Schoharie County in response to a request by respondent Power Authority of the State of New York (hereinafter PASNY). Although petitioner was the lowest bidder, PASNY awarded the contract to Sweet after a bid classification meeting based upon the adjudged differential in expertise and preparedness between petitioner and Sweet. Petitioner then commenced an action to declare the contract award illegal and void, and to enjoin further work and any payment therefor under the contract, as a wrongful expenditure and illegal disbursement of funds. Supreme Court converted the action into a CPLR article 78 proceeding and granted respondents' motions to dismiss, giving rise to this appeal.

The decisive issue is whether State Finance Law § 144,

which provides the procedure for bids relating to public works projects in excess of $5,000, and section 174 of that law, which requires the contract to be awarded to the lowest bidder, has any application to PASNY.

We hold that PASNY, as a public benefit corporation created for the general purpose of performing functions essentially governmental in nature, is not a State agency, but rather enjoys, at least for some purposes, an existence separate and apart from the State, its agencies and political subdivisions *(see, Grace & Co. v State Univ. Constr. Fund,* 44 NY2d 84, 88) and is an independent and autonomous public corporation that is able to function with a freedom and flexibility not permitted an ordinary State board, department or commission *(see, Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth.,* 5 NY2d 420, 423; *see also, MacFarland-Breakell Bldg. Corp. v New York State Thruway Auth.,* 104 AD2d 139). In similar circumstances, this court has also held State Finance Law § 145 inapplicable to the Facilities Development Corporation *(Kramer & Sons v Facilities Dev. Corp.,* 113 AD2d 97).

PASNY, like the Thruway Authority, is not subject to the provisions of the State Finance Law. Under Public Authorities Law § 1005 (11), PASNY is autonomous, perpetual in duration and possessed of all the powers necessary or convenient to carry out and effectuate the purposes and provisions of the Power Authority Act. In our view, Supreme Court correctly dismissed the first cause of action.

We further find no merit in petitioner's contention that it may attack the wrongful expenditure or illegal disbursement of State funds as a citizen taxpayer under State Finance Law § 123-b. State Finance Law § 123-b provides standing to citizen taxpayers against a State officer or employee; it does not create a substantive cause of action *(Sierra Club v Palisades Interstate Park Commn.,* 99 AD2d 548, 550, *lv denied* 63 NY2d 604). The funds to be disbursed here are derived from PASNY's own operating revenue and the issuance of its own bonds and notes (Public Authorities Law § 1005 [11]; § 1009-a). Due to the inapplicability of the competitive bidding statutes (State Finance Law §§ 144, 174) to PASNY, no liability against Sweet may be predicated upon those statutes. Accordingly, Supreme Court properly dismissed the petition as converted and its judgment should be affirmed.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.