OPINION OF THE COURT
Louis C. Benza, J.
The defendant moves for an order dismissing the claim as against the Facilities Development Corporation (FDC) on the grounds that the Court of Claims lacks jurisdiction.
In support of his motion, the defendant refers the court to section 4412 (1) of McKinney’s Unconsolidated Laws of NY (Facilities Development Corporation Act § 12 [1]; L 1968, ch 359, § 1, as amended) which confers exclusive jurisdiction upon the New York State Supreme Court of any action, suit, or special proceeding brought by or against FDC.
In his affidavit in opposition, claimant’s attorney states that the claim is asserted against the State as principal, and that FDC is named as agent for the State in the same style it is named in the contract. Therefore, he says, the claim is properly in the Court of Claims.
Further, claimant’s counsel requests that if the court concludes that claimant’s contract is not with the State but with FDC, the State’s motion should be granted to the extent that this action be transferred to the State Supreme Court.
Claimant entered into a contract with FDC acting for and in behalf of the State of New York, to perform sprinkler system work at the Bronx Children’s Psychiatric Center. Claimant argues that FDC was acting as agent for the State for the following reasons: The project manual was prepared by the State acting through the Office of General Services (OGS); the bids were received by OGS; the contract documents were available at OGS offices; the bid form is a State bid form; the State reserved the right to reject bids; and the performance bond and the labor and material bond list the State as the party to whom the surety is bound.
It is not disputed by the parties that the Bronx Children’s Psychiatric Center is a State facility. Pursuant to section 7.17 (b) of the Mental Hygiene Law it is a State hospital administered by the Office of Mental Health (a department within the Department of Mental Hygiene) for the care, treatment and rehabilitation of the mentally disabled.
Title 13-A of McKinney’s Unconsolidated Laws of NY deals *289 with "Mental Hygiene”. Chapter 1 of this title (§§ 4401-4417) is known as the Facilities Development Corporation Act.*
In the statute’s statement of legislative findings and purposes, it is declared that: "while responsibility for the professional care, maintenance and treatment of the mentally disabled at all mental facilities should continue in the department of mental hygiene, exclusive possession, jurisdiction, control and supervision of the physical facilities used therefor should be vested in the corporation [FDC] in order to facilitate the exercise of its powers.” (McKinney’s Uncons Laws of NY § 4402.)
Pursuant to section 4405 (10) of McKinney’s Unconsolidated Laws of NY, FDC, under its general powers and duties, has the authority, among other things, to reconstruct, rehabilitate and improve mental hygiene facilities or cause such facilities to be reconstructed, rehabilitated or improved. Among the purposes of FDC (McKinney’s Uncons Laws of NY § 4406 [3]) is to expedite the reconstruction, rehabilitation or improvement of mental hygiene facilities, and to secure exclusive possession, jurisdiction, control and supervision over all mental hygiene facilities.
This last purpose is reiterated in section 5.09 (a) of the Mental Hygiene Law: "The facilities development corporation shall be entitled to exclusive possession, jurisdiction, supervision and control of all real property held for facilities operated by any of the offices of the department, such facilities being defined as mental hygiene facilities by section three of the facilities development corporation act”.
Section 4403 (10) of McKinney’s Unconsolidated Laws of NY defines "Mental hygiene facility” as a "building, a unit within a building * * * improvements and connections for water * * * located at or related to any state hospital * * * or any state psychiatric or research institute”.
Thus, it is clear from the above statutes that the Bronx Children’s Psychiatric Center is a State mental hygiene facility and that FDC has exclusive possession, jurisdiction, control and supervision of its physical facilities, as well as the authority to reconstruct, rehabilitate and improve the facilities. We further find that the Legislature empowered FDC to act on its *290 own behalf in acquiring and developing mental hygiene facilities.
Pursuant to section 4409 (1) (b) of McKinney’s Unconsolidated Laws of NY, the directors of FDC "may cause the building plans, drawings, models and detailed plans and specifications for [any work to be performed at a mental hygiene facility] to be prepared under the direction of the commissioner of general services” (emphasis supplied).
The only limitations placed upon FDC to act on its own are found (1) in section 4409 (2) (b) (i) of McKinney’s Unconsolidated Laws of NY which provides that when FDC acts as principal or as agent for the State Housing Finance Agency (and as amended in 1987, the Medical Care Facilities Finance Agency) to reconstruct, rehabilitate and improve a mental hygiene facility, it may do so only by agreement with the Commissioner of OGS, and (2) in section 4409 (2) (c) which provides that if the Commissioner of OGS enters into such an agreement with FDC, the work is to be performed either by employees of OGS or by contract awarded pursuant to the Public Buildings Law and the State Finance Law. There has been no allegation made in this instance that FDC was acting as agent for the State Housing Finance Agency.
The fact that the claimant’s performance and labor and material bonds listed the State as the party to whom the claimant and the surety were bound does not establish an agency relationship. This is governed by section 4409 (2) (g) (v) of McKinney’s Unconsolidated Laws of NY which states that FDC shall require deposits, bonds and security in connection with the submission of bids, the award of contracts, and the performance of work as they shall determine to be in the public interest and for the protection of the State and the affected State agencies.
In Jacobs v Facilities Dev. Corp. (89 AD2d 752) the plaintiff and defendant entered into an agreement for month-to-month tenancies of certain premises owned by the plaintiff for use as mental hygiene facilities. FDC entered into possession of the properties and continued occupancy for approximately six months, when it canceled the agreement but refused to pay the rents due. Plaintiff brought the action in Supreme Court. Prior to answering the complaint, the defendant moved to dismiss on the grounds that Supreme Court lacked jurisdiction and for failure to state a cause of action. The argument in support of the motion was that FDC was acting as agent for a *291 disclosed principal, the State Office of Mental Retardation and Development Disabilities (OMRDD) for the purpose of leasing facilities where mental hygiene services would be provided. Therefore, the defendant argued, under the law of agency, the real party in interest was OMRDD, a unit of State government, which could only be sued in the Court of Claims. The trial court and the Appellate Division, Third Department, both rejected this argument in Jacobs, and we reject the argument here, finding that FDC was acting on its own pursuant to the powers vested in it by the Facilities Development Corporation Act. However, having reached its finding, the Appellate Division then expounded on questions of fact raised in the papers on the issue of agency.
Unquestionably, the FDC does have the power under the Facilities Development Corporation Act to act as agent of the State when acting on behalf of the State Housing Finance Agency and of the Medical Care Facilities Finance Agency (McKinney’s Uncons Laws of NY § 4409 [2] [b] [i]). This issue is not presented in the instant matter.
Based upon our reading of the statute, we find and conclude that FDC is a public benefit corporation which, by dint of the authority vested in it by the Legislature, except in those instances enumerated in section 4409 (2) (b) (i), acts on its own behalf and not as agent for the State of New York. We further find that FDC has exclusive control over the physical facilities maintained by the State for the care of the mentally disabled; that pursuant to its legislative purpose, FDC, on its own behalf, not as agent for the State, entered into the instant contract with claimant. We also find that the Legislature, pursuant to section 4414 (1) of McKinney’s Unconsolidated Laws of NY, intended that OGS and all other State agencies cooperate with and assist FDC in the fulfillment of its corporate purpose.
As we have found that FDC, not the State of New York, is the real party in interest and that section 4412 (1) of McKinney’s Unconsolidated Laws of NY vests exclusive jurisdiction in Supreme Court of any action brought against FDC, we must dismiss this action for lack of jurisdiction. The State’s motion is granted and the claim is hereby dismissed.
We turn now to claimant’s request that the court transfer this action to Supreme Court if we find FDC to be the party in interest. Article VI, § 19 of the NY Constitution establishes the ability of one court to transfer a case to another. The *292 ability to transfer a case is specifically given to Supreme Court, County Court, Surrogate’s Court, Family Court, the courts of the City of New York, and District, Town, Village and City Courts outside the City of New York. The New York Constitution is silent as to the Court of Claims. In addition, article VI, § 19 (a) of the Constitution gives Supreme Court the power to "transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims” (emphasis supplied). In creating the Court of Claims, the Legislature conferred many powers upon the court (see, Court of Claims Act § 9), but the ability or authority to transfer a case brought in this court to another court of this State is not among those powers.
Therefore, based upon the above, we decline to transfer this case to the Supreme Court as we do not believe we have the authority to do so.

 When discussing the various sections of the FDC Act, we are speaking of them as they then existed in 1985 when the instant contract was entered into. Various sections have since been amended.