■ In the Matter of ELWOOD MILLER, Appellant, v FACILITIES DEVELOPMENT CORPORATION, Respondent. [605 NYS2d 478] — Weiss, P. J. Appeal from a judgment of the Supreme Court (Harris, J.), entered May 21, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent terminating his employment.

Petitioner commenced employment with respondent on October 1, 1987 as a resident inspector responsible for inspecting the quality of construction work performed under contracts with respondent and for compliance with the contract specifi-

cations. On January 2, 1991, petitioner revealed to his supervisor that he had worked for and been paid in cash by an outside contracting company, under contract with respondent at that time, for taping and spackling drywall on the very project on which he was assigned to work as an inspector. He was terminated on March 21, 1991 because these activities were in direct violation of Public Officers Law §§ 73 through 78, which petitioner acknowledged he had read and agreed to obey, in addition to being in violation of employment conditions detailed in respondent's Employee Handbook prohibiting employees from activities which constitute conflicts of interest with respondent. Petitioner's letter requesting a hearing was received by respondent on April 8, 1991. Respondent denied the request on April 12, 1991 as untimely under its rules which require that the request be made within five working days of the receipt of the proposed discipline or penalty.

In this CPLR article 78 proceeding petitioner contends that the termination decision was "arbitrary, capricious and pretextual, in that [petitioner] suffers from a disability and was due to receive retirement and continuing health benefits on May 1, 1991". Supreme Court held that petitioner failed to sustain his burden of showing that respondent's actions were motivated by discriminatory purposes or that any discrimination provisions in the Employee Handbook had been violated, that he was not entitled to a pretermination hearing under either the Civil Service Law or respondent's rules and had waived such right by his untimely request, and that the decision was neither arbitrary, capricious nor without a rational basis.

On this appeal we find little merit in the argument that petitioner was innocent of any misconduct or that he had unknowingly violated applicable policy. The record shows that he acknowledged in writing his receipt of, and his agreement to read and comply with, the Public Officers Law and respondent's Employee Handbook, which in clear and certain terms recite standards of employee conduct specifically prohibiting employees from providing services to firms which do business with respondent. His failure to recollect receipt of the law and rules and his characterization of his conduct as "harmless error" are belied by the record and remain unpersuasive. Moreover, in his January 4, 1991 written statement to respondent, petitioner clearly indicates that he knew his conduct was wrong and that he concealed it because he "did not want to advertise that I got reimbursed for my services to [the outside contracting company]". Because he had compromised

his ability to be objective as an inspector of that contractor's contract performance, termination was entirely appropriate *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231-232).

Similarly unavailing are petitioner's arguments that he is entitled to a pretermination hearing. Respondent's employees are not protected by Civil Service Law § 75 *(see, Matter of Razzano v Crook,* 101 AD2d 625). Moreover, petitioner lacked the prerequisite service credit for absolute entitlement to a hearing *(see,* Retirement and Social Security Law § 609 [b]). On oral argument petitioner urged that *Matter of Duffy v Ward* (81 NY2d 127) supports his right to a hearing. We cannot agree. In that case, the Court of Appeals held that an off-duty police officer, summarily dismissed after conviction of the misdemeanor of criminal trespass in the second degree, should have been afforded a hearing before termination. The majority held that "criminal trespass is not the sort of misdemeanor that can be construed facially as a crime 'involving a violation of [the] oath' for purposes of Public Officers Law § 30 (1) (e)" which would warrant summary dismissal *(supra,* at 135). Here, petitioner's confessed misconduct was not only specifically proscribed, but rose to a level clearly supporting the sanction imposed.

Finally, we find the termination for cause did not conflict with any other policies of respondent pertaining to older employees.

Mikoll, Yesawich Jr., Crew III and White, JJ., concur. Ordered that the judgment is affirmed, without costs.