■ FACILITIES DEVELOPMENT CORPORATION, Appellant, v SILVIO MILETTA et al., Respondents. [667 NYS2d 805] —Yesawich Jr., J. Appeals (1) from that part of an order of the Supreme Court (Teresi, J.), entered January 15, 1997 in Albany County, which granted defendant Silvio Miletta's motion for partial summary judgment, and (2) from an order of said court, entered March 27, 1997 in Albany County, which denied plaintiff's motion for reargument.

Previously (180 AD2d 97), this Court, *inter alia*, upheld Supreme Court's denial of an earlier motion for summary judgment brought by defendant Detroit Stoker Company. After further discovery was had, Detroit again moved for summary judgment dismissing plaintiff's breach of contract action against it, and defendant Silvio Miletta sought partial summary judgment with respect to that portion of the complaint which seeks to recover damages attributable to the greater expense of heating with oil while the coal-fired boilers, which were the subject matter of the contract allegedly breached by defendants, were inoperable. Noting that these costs were not borne by plaintiff, but by the State Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD), which operates the facility in question, Miletta contends that plaintiff cannot obtain compensation therefor. In response, plaintiff cross-moved to amend its complaint to add the State as a party plaintiff.

---

Insofar as relevant here, Supreme Court granted Miletta's motion and denied plaintiff's cross motion, finding that the addition of a new party now, 10 years after the action was commenced and after a note of issue was required to have been filed, would unduly delay the action and prejudice defendants. Plaintiff appeals from so much of the order as granted Miletta's motion, and also from Supreme Court's subsequent ruling on plaintiff's motion to reargue.

Miletta's motion does not, as Supreme Court observed, raise the issue of plaintiff's standing to sue, its status as a real party in interest, or any other affirmative defense that might have been waived by Miletta's failure to specifically interpose it in his answer. Rather, the sole question posed thereby is whether it was plaintiff or another (i.e., the State) which actually sustained the consequential damages plaintiff seeks to recover. By denying the relevant allegations of the complaint, Miletta placed plaintiff on notice that this was a matter in dispute (see, Stevens v Northern Lights Assocs., 229 AD2d 1001, 1002), and thus preserved his right to challenge the veracity of plaintiff's assertions.

Regarding the substance of Miletta's contentions, plaintiff claims—while conceding that the State, through OMRDD, actually incurred the heating costs at issue—that its relationship with OMRDD essentially amounts to one of agency, entitling it to sue for those amounts. We disagree.

Plaintiff, as a public benefit corporation established to "receive and administer monies for the construction and improvement of mental hygiene facilities" owned and operated by the State (McKinney's Uncons Laws of NY § 4402 [Facilities Development Corporation Act § 2]), is, for many purposes, an entity separate and distinct from the latter; it is empowered to enter into contracts, and to sue and be sued, on its own behalf (see, McKinney's Uncons Laws of NY § 4405 [Facilities Development Corporation Act § 5]; Grace & Co. v State Univ. Constr. Fund, 44 NY2d 84, 88; cf., Matter of Loyal Tire & Auto Ctr. v New York State Thruway Auth., 227 AD2d 82, 85, lv denied 90 NY2d 804). When contracting for the design, construction or improvement of the physical facilities over which it exerts exclusive control (see, Maric Mech. v State of New York, 145 Misc 2d 287, 289), generally plaintiff acts not as an agent of the State, but as an independent entity (see, id., at 291; cf., Kramer & Sons v Facilities Dev. Corp., 113 AD2d 97, 98-99). Significantly, nothing in this record warrants a different conclusion with respect to the transactions at issue here (compare,

*Facilities Dev. Corp. v Oosterbaan,* 132 Misc 2d 923, 924). Although the State might also have been able to recover from Miletta those damages it sustained as a third-party beneficiary of plaintiff's contract, that alone does not create an agency relationship between plaintiff and the State, nor does it constitute a basis for allowing plaintiff to recover amounts the State may have expended. To do so would place defendants at risk of being sued twice for the same damages (*cf., id.,* at 927).

As for plaintiff's appeal from Supreme Court's subsequent order, it must be dismissed for the notice of appeal was not filed within the time allowed for doing so (*see,* CPLR 5513; *see also, A. & B. Serv. Sta. v State of New York,* 50 AD2d 973, 974, *lv denied* 39 NY2d 709). Moreover, no appeal lies from an order denying a motion for reargument (*see, Nelson v Bushwick Family Health Ctr.,* 87 AD2d 837, 838). Plaintiff's characterization of the order as one granting reargument and adhering to the prior decision is inapt, for, as Supreme Court found, plaintiff failed to meet the criteria for obtaining reargument and denied the motion without considering the merits of the position taken therein.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order entered January 15, 1997 is affirmed, with costs. Ordered that the appeal from the order entered March 27, 1997 is dismissed.