*562 OPINION OF THE COURT
Alan C. Marin, J.
Raquel Cocchi sustained injuries when her vehicle struck the center divide on the Long Island Expressway eastbound near its intersection with the Grand Central Parkway and then was struck by a vehicle driven by Sui Shan Wu. The accident occurred on January 1, 2007 at about 8:15 a.m.
Ms. Cocchi has brought two lawsuits: one in the Court of Claims against the State of New York (naming also the New York State Department of Transportation) and one in Supreme Court, Queens County against several defendants. The defendants in the Supreme Court action are Sui Shan Wu, the City of New York and G & E Express Inc.; Yes Express, Inc. has been removed from the action.[1]
Sui Shan Wu and G & E Express Inc. have moved here for an injunction staying Ms. Cocchi from proceeding in her action in Supreme Court until the matter in the Court of Claims is resolved, or alternatively, for the consolidation of the two actions in the Court of Claims.
Whether combining the two actions in this court or in Supreme Court, the motivation to do so is understandable: it is essentially what underlies the long-standing calls in this state for the merger of its trial courts — which would require amendment to the State Constitution.
The existing court structure, to give two examples, means that in the Court of Claims:
• For a medical malpractice action arising out of the State University Hospital in Brooklyn (Downstate), that part of the action against residents and other hospital staff would be tried in the Court of Claims, but the action regarding acts or omissions of the attending physicians would be tried in Supreme Court, Kings County;
• For causes of action based upon Labor Law §§ 200, 240 and 241 (6), an injured employee working on a state construction project would typically sue the State here and the municipality and general contractor (if employed by a subcontractor) in Supreme Court.
There are practices to deal with the reality of multiple forums. Discovery can be coordinated. All parties can be invited to the depositions, and transcripts made available. The process *563 of coordination can have its own limitations; thus, it was only recently that counsel for a non-party could actively participate in a deposition (L 2014, ch 379, § 1, amending CPLR 3113 [c]).
The NY Constitution prevails over statutes referencing consolidation, or some form thereof, namely, Court of Claims Act § 9 (5) or CPLR 602. Section 602 (b) does not refer to the Court of Claims.[2] Nor does section 19 of article VI of the NY Constitution (“Transfer of actions and proceedings”), except in subdivision (a) thereof: “As may be provided by law, the supreme court may transfer to itself any action or proceeding originated or pending in another court within the judicial department other than the court of claims upon a finding that such a transfer will promote the administration of justice.” (See Maric Mechanical v State of New York, 145 Misc 2d 287 [Ct Cl 1989]; Siegel, NY Prac § 128 at 228 n 1 [5th ed 2011].)
Correspondingly, there is no authority that would allow the Court of Claims to transfer a case from Supreme Court to it, or to stay such case in Supreme Court. CPLR 1006 and 2201 and Court of Claims Act § 9 (6), which cover stays and impleaders, are inapplicable.[3]
In view of the foregoing, and having considered the submissions, it is ordered that motion No. M-87332 is denied.

. Paras 9, 10 of movants’ affirmation in support.

. Subdivision (b) of section 602 reads as follows:
“Cases pending in different courts. Where an action is pending in the supreme court it may, upon motion, remove to itself an action pending in another court and consolidated it or have it tried together with that in the supreme court. Where an action is pending in the county court, it may, upon motion, remove to itself an action pending in a city, municipal, district or justice court in the county and consolidate it or have it tried together with that in the county court.”

. See section 2201 which provides that “the court in which an action is pending may grant a stay of proceedings.”